**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**LUBBOCK, DIVISION**



JAN 27 2025 AM8:15
FILED - USDC - NDTX - LU

Victor Jackson, Pro-Se # 03334170

Relator,

V.

David Bowers, et al

Respondents.

# 5-25CV-015-H

CAUSE No._____.

---

## MOTION FOR COMPLAINT STATE STATUTE COMMON LAW SUIT "TORT CLAIM" "[A]GGRAVATED ASSAULT" WITH A WEAPON OF ABUSE AUTHORIZED OF ACTS DENIAL OF DUTIES EXERCISE A DEGREE OF CARE ABUSIVE OPPRESSION PUNISHMENT

---

To: Honorable Amanda R. Burch., United States Magistrate Judge, Justice said court:

### I. JURISDICTION & VENUE

This is a **Common Law Suit**, **State of Statute "Tort Claim"** acts of **"[A]buse of State Authority"** of **Aggravated Assault with a Weapon,** to redress the deprivation, under **"Color of State Law,"** of the **"[R]ights Secured by Constitution of Laws, of the United States."** The Court has Jurisdiction under **28 U. S. C. Section 1331 and 1343 (a) (3).** IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF TEXAS 1205 TEXAS AVE., ROOM #209 LUBBOCK, TEXAS 79401. Is an appropriate venue under **28 U. S. C. Section 1331 and 1343 (a) (3)?** Because it is where the events giving rise to aggravated assault of this **claims against Mr. David Bowers, et al.,** action [o]bjectively evidence hazardous committed due to **"[A]ggravated Assault with a Weapon Dangerous,"** of **conducts** against client resident as **Relator,** Mr. Victor Jackson, as punishment **occurred**. At the Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339, at between **4:30** and **5:30** pm. Supplement Jurisdiction under **§ 1367 (a),** Except as provided in **subsections (b) and (c)** or as expressly provided otherwise by **"State Statute,"** in any Civil Action of which the District Court have original Jurisdiction, the districts courts shall have **supplement**

/

Jurisdiction over all other claim(s) that are so related to claims of the action within such "{o}riginal jurisdiction", that they are part of the same case or controversy under **Article III, of the United States Constitution**. Such supplement jurisdiction shall include claims that involve the joinder intervention of additional parties. (b) in any civil action of which the district courts have original jurisdiction founded solely on **1332 of this title [28 U. S. C. S. § 1332],** the district courts shall not have supplemental jurisdiction under subsection (a) over claims by **Relator**, Jackson, against persons made parties under **Rule 14, 19, 20, or 24** of the State Rule of Civil Procedure, or over claims by person proposed to be joined as **Relator,** under **Rule 19,** of such rules, or seeking to intervene as a **Relator**, under **Rule** of such, when [e]xercising supplement jurisdiction over such claims would be inconsistent with the jurisdiction requirements of section **1332 [28 U. S. C. S. § 1332].  (c)** The district courts may decline to exercise supplemental jurisdiction over a claim under **subsection (a)** if--- The **"claim raises a novel"** or **"[c]omplex issue of statute under State Law."  Accidents & Injuries (tort Law)** actual cause. Actual cause is a necessary element for both liabilities in civil cases and a guilty verdict under much of criminal law. In both civil and criminal cases, actual cause is determined by the but for cause test, however, some jurisdiction also... **Actual Damages:** In Tort Law, actual damages, also known as compensatory damages, are damages awarded by a court equivalent to be loss a party suffered. If a party's right was technically violated but they suffered no harm or losses, a court may instead... **Actionable:** A claim is actionable if there exist sufficient circumstances to meet the requirements of a **cause of action.** For example**, a claim for tort of battery is actionable if a person intentionally and without your consent made contact with you.**

## II. AFFIDAVIT OF COMPLAINT CAUSE FOR ACTION RELIEF CLAIMS

(1). **Statute of State a Common Law**, **"Tort Claim" (A CLAIM WHICH RELIEF MAY BE GRANTED)** against **Respondent** against Facility Administrator Mr. David Bowers, **et al.**  Acts are dangerous within his [n]orms with the intent of Individual Capacities, to cause harms of intentionally an exists **use of force** aggravated assault [o]bjective within his, deprived acts of **"Abuse of Authorized"** and [**not properly train]** to a use of force of **"Aggravated Assault"** due to [r]etaliation of the **case** and **Cause No. 5:24-CV-00053, of Relator, Victor Jackson,** was within the intent objective **"[s]exually assault"** and **"[r]aped by employee"** Mr. **Brent Ruebensam,** deprive action, but as the **"trial court error"** by not taken **[full action]** due to matter ended up-to another assault. By **[MTC]; Management & Training Cooporation, Respondent** Mr. David Bowers, **action of conduct scandal's** placed it up-on his self-above the law by using **"[C]hemical Agent Gas,"** with intent as a **(weapon)** of **(aggravated assault)** spraying the can in the **Relator**, Victor Jackson, mouth without cause out of the blue as a **[r]etaliation caught on** "**camera**" date**: 8-8-2024,** came inside **B-2-**

**Dorm**, with the intent to [k]ill as he approached **Relator,** Victor Jackson, and started to spray inside the **Relator**, Jackson, mouth intentionally; and **(1)** to use an **exercise a degree of care** [s]ubjective **(2)** didn't want to call any **[I. C. S.]; (3)** describe the evidence unconstitutional **(4) Relator, Jackson,** identify each defendants unlawful acts with other staffers, later own as personal officers; **Sgt. Mr. Jefferson, Security Officer Ms. Quintanilla; Security Officer Mr. Hughes; and Security officer, Mr. Cond's; Ms. Rebecca Lang, Clinical Director,** acts of "**Abuse of Authorized**" within their [n]orms **cover -ups** of "**Aggravated Assault**" by using **Chemical Agent Gas, with** as a (**weapon**) spraying almost the hold can into the **Relator,** mouth **STATING HE'LL KILL ME [c]aught on camera** inside **B-2-Dorm,** continually tried to **[k]ill** as he approached **Relator**, Victor Jackson, within **"[a]bnormally dangerous activity,"** an abnormally dangerous activity is related to **(Tort Law)**. The "**Restatement of Torts,**" defines it as an activity that **(1)** is not of common usage, and **(2)** "**creates a foreseeable,**" and "[h]ighly significant risk,**" of "**physical harm**" even when **reasonable care**, intentionally once evidence has been admitted without a limiting instruction, it is part of the general evidence and (**may be considered for all purpose)** in a **Common Law, State Statute "Tort Claim" [Delgado v. State, 235 S. W. 3d 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App.- Houston [14th Dist.] 2013, pet. Ref'd.)]** named- against **Respondents** Mr. David Bowers; Sgt. Mr. Jefferson, Security Officer Ms. Quintanilla; security officer Mr. Hughes; and Security officer, Mr. Cond's, acts of deprive conducts within their [n]orms of Individual Capacities, deprive of abusive **WITHIN THE INTENT** punish tactic against the **Relator**, Mr. Victor Jackson, is being punish by Mr. David Bowers, F. A. never identified, in accordance to policy, and **[I. C. S.]. [n]or** did Mr. David Bowers, F. A. inform his subordinates, such as **staff's, above** never attempted to ask me to submit to restrains, and Mr. Bowers, F. A. instated any **[I. C. S.]** after he had used a **"Chemical Agent Gas"** as a **weapon** on me, into **relator** mouth. When I was forced on the Floor, (non-resistant), Mr. Bowers, F. A. action reach out within the intent continue attacking trying to kill me spraying, into my mouth intentionally, without cause directly, into my mouth by cutting off my air way as an attempt to kill me. At no time did I, **impose a verbal** (or) **physical threat at a time**. This **truth is written in the disciplinary report** which was written by Sgt. Jefferson, who is now a Captain. **Surveillance Video Footage** on **August 8, 2024**, between the hours of **4:30 pm** and **5:30 pm**, will confirm against Mr. David Bowers, F. A. action entering into **Bravo (2) Dorm section** and walking directly up to me and started spraying me with a **"Chemical Agent Gas" "caught on camera's"** surveillance due to **Aggravated Assault** against Facility Administrator of **[M. T. C.]** Mr. David Bowers, action of conduct deprive acts refused to get a **"use of force witness statement"** from all the [T. C. C.] residents **who witnessed** the **cause** of "**attempted murder**" due to "**abusive conduct and harsh attack**" on my life to **Subdivision (c).** 1. This rule introduces a simple form of indictment, [i]llustrated by

Forms 1, to 11 in the **Appendix of Forms**. **Rule 8(a)** of the **State Rules of Civil Procedure [28 U.S.C., Appendix**]. For discussion of the effect of this **rule** and a comparison between the **present form of indictment** and the simple form introduced by this [**r]ule, see Vanderbilt, 29 A.B.A. Jour. 376, 377; Homer Cummings, 29 A.B.A. Jour. 654, 655; Holtzoff, 3 F.R.D. 445, 448–449; Holtzoff, 12 Geo. Washington L. R. 119, 123–126; Medalie, 4 Lawyers Guild R. (3) 1, 3.** In punitive which event the "**ex-post facto,"** and "**double jeopardy clauses"** could be violated **the Supreme Court granted certiorari in Young on March 20, 2000. Seling v. Young, 529 U. S. 1017, 120 S. Ct. 1416, 146 L. Ed.2d 309**. The **issue in the present case-** -whether mental health treatment is being afforded as required by the **due process clause--is distinct** from the question whether the **conditions of confinement** are **punitive** for purposes of **ex-post facto** and **double jeopardy analysis**, and the Ninth Circuit's, decision in Young, is not applicable here.

(2). **Relator**, Jackson, is being harassed, and attacked, within the intent acts to cause more than killing **Relator**, Victor Jackson, group of officer's "**aggravated assault of abusive punitive"** on date: **8-8-2024, at 4:30 pm** and **5: 30 pm** [i]ntimidated against by **retaliation of acts** [s]ubjective of misconduct as a **"state officer abusive his office duties"** objective "**exercise a degree of care,"** by inflicting punishment against a client **Relator**, Victor Jackson, failure to follow **[Texas statutes Sec. 841.0831].** Tiered Program thereby violating **Due Course of Procedures** for the seamless transition, **tort** a wrong; a **private** (or) **civil wrong** or **injury resulting** from a "**breach of a legal duty that exists** by **virtue of society's expectations"** regarding interpersonal conduct, rather than by contract or other private relationship. **256 N. E. 2d 254, 259. See Exhibits: Paragraphs 18,** of doctrine filed with **[M. T. C.]** Medical Department and Communication filed Doctrine. And two Pages of **Claim for Damage,** Injury, or ~~Death~~, doctrine.

(3). **Relator,** Victor Jackson, claims of violation against [M. T. C.] Management & Training Corporation **Respondent,** Head Administrative Mr. David Bowers, **et al** acts of abusive force of **unlawful harms** of tactic within the **"[i]ntent to cause harm"** seen on date**: 8-8-2024**, between **4:30 to 5:30 pm** on **camera's** entering **B-2-Dorm** on purpose within the intent assaulting **Relator,** Victor Jackson, without cause **or** notice which **aggravated assaulted** against **Relator,** Victor Jackson, substantial evidence sources of Mr. David Bowers, action of contract style of personalized behaviors due of **"[I]mpulsive ethics of conduct of exercise a duty of care,"** approaching pathway of intentionally tried to murder me. **Hate Crime Acts** because **Thirteenth Amendment**, precedent allowed Congress to define and regulate **"badges"** and **"incidents"** of slavery so long as definition was rational, **18 USCS § 249(a)(1),** prohibiting racially-motivated violence, was constitutional, because Congress could **"[r]ationally conclude that physically attacking person of particular race"** because of animus toward **or** desire to assert superiority over that

race is badge **or** incident of slavery. **United States v. Cannon, 750 F.3d 492 (5th Cir.), cert. denied, 574 U.S. 1029, 135 S. Ct. 709, 190 L. Ed. 2d 445 (2014), cert. denied, 574 U.S. 1029, 135 S. Ct. 709, 190 L. Ed. 2d 445 (2014), cert. denied, 574 U.S. 1029, 135 S. Ct. 709, 190 L. Ed. 2d 445 (2014).**

**Words of 18 USCS § 249(a)(2)** convey in **Common Language, Common Law Suit** of the **State of Texas Statute "Tort Claim"** seeks **Relief** of sufficient notice of conduct that has been prohibited, and it cannot be voided for vagueness on that ground. **United States v. Jenkins, 909 F. Supp. 2d 758 (E.D. Ky. 2012).**

## What is exercise a duty of care?

**State: Overview.** A 'duty of care' refers to the obligations placed on people to act towards others in a certain way, in accordance with certain standards. The term can have a different meaning depending on the legal context in which it is being used.

(4). The employer must have "[P]rofessional Judgement Standard," exercise a degree of care commensurate with the "nature" and "[d]anger of the business," in which he is engaged and the nature subjective and grade of service for which the servant {**2023 U.S. Dist. LEXIS 1**3} is intended. **He must exercise due care,** to discover incompetency and whether he has done so [o]bjective, is held to be a question for the jury. Consistent with this **"rule actual knowledge of incompetency upon the part of the employer"** is not necessary to render the employer liable for an act of an incompetent servant. **20 Tenn. App. 229, 97 S.W.2d 452, 453-54 (Tenn. Ct. App. 1936) (emphasis added).** In other words, an employer like Randstad **"may be liable" "[f]or not exercising the necessary due care and diligence"** in retaining the employment of an individual, even if it is not liable for the more specific negligence at issue. Furthermore, "[w]hether due care was exercised" is generally a jury question. **See id.**

(5). **"TEXAS HEALTHY & SAFETY CODE" TITLE 2, HEALTH "Unethical conduct"** means conduct prohibited by the ethical standards adopted by state (or) national professional organizations for their respective professions (or) by rules established by the state licensing agency for the respective profession.

(6). Subchapter L. abuse, neglect, and unprofessional (or) Unethical conduct in Health Care Facilities Sec. **161. 131. Definitions. Sec. 161.132.** reports of subjective **"Abuse and Neglect or Unethical Conduct." Sec. 161 134.** In-Service training. **Sec. 161.134** Retaliation against nonemployees **Prohibited. Sec. 161. 136.**

(7). **"(Abuse)"** Has the meaning assigned by the Federal Protection and AdvoCare for individuals with Mental Illness Act (42 U. S. C. Section 10801 et seg.

(8). **Burciaga v. Deutsche Bank Nat'l Trust Co., 871 F.3d 380, 384 n.4 (5th Cir. 2017**) ("this court is duty-bound to examine its subject-matter jurisdiction sue sponte"). "A federal court must presume {2023 U.S. Dist. LEXIS 8} that an action lies outside its limited jurisdiction, and the burden of establishing subjective that the court has subject matter jurisdiction to entertain an action rests with the party objective asserting jurisdiction." **Wiggins v. La. State Univ.-Health Care Servs. Div., No. 19-731, 2019 U.S. Dist. LEXIS 217076, 2019 WL 6887183, at *2 (M.D. La. Nov. 25, 2019) (citation omitted).**

(9). **"(Hospital)"** has the meaning assigned by **Section 571.003.**

(10). **"STATE HEALTH CARE REGULATORY AGENCY"** MEANS ASTATE AGENCY THAT LICENSES A HEALTH CARE PROFESSIONAL.

(11). **"Treatment facility"** has the meaning assigned by **Section 464.001.**

(12). **"Unethical Conduct"** means conduct prohibited by the ethical standards adopted by State a degree of care (or) national professional organizations for their respective professions (or) by rules established by the State Licensing agency for the respective profession.

(13). **"Unprofessional Conduct"** means conduct prohibited under rules adopted by State Licensing Agency for the respective profession. History:

 **Enacted by acts 1993, 73rd Leg. Ch. 573, § 1.01,** effective **September 1, 1993; Am. Acts 2015, 84th Leg., ch. 1(S. B. 219), § 3.0473,** effective of Amendments 2015 Amendment, **substituted "Advocacy for Individuals with Mental Illness Act"** for **Advocacy for Mental Ill Individuals Act of 1986" in (1) and (8).**

(14). **Sec. 161. 132.** Reports of Abuse and Neglect (or) of **"illegal," "unprofessional,"** (or) **"unethical conduct." (A)** a person, including an employee, volunteer, or other person associated with an [i]npatient

**State: Mental Health facility subjective.**

**"Exercise a degree of care"** means to act with the level of caution and attention that a reasonable person would use under similar circumstances, essentially taking necessary precautions to avoid causing harm to others; it refers to the standard of care expected in a given situation.

**"Key points" about "exercise a degree of care":**

**Reasonable person standard:**

**The Key** concept is that of a **"reasonable person,"** meaning someone with average prudence and judgment in a similar situation.

**Context matter:** The required degree of care can vary depending on the specific circumstances, such as the potential risk involved and the individual's profession.

**Failure to exercise care- Negligence:**

If someone fails to exercise the appropriate degree of care and causes harm to another, they may be considered negligent and liable for damages.

**Example scenarios:**

A doctor **"exercising a degree of care"** would follow established medical practices and provide appropriate treatment based on the patient's condition.

**The Standard of Care-PMC**

Basically, it refers to the degree of care a prudent and reasonable person would exercise under the circumstances. **State Legislature.**

**National Institutes of Health (NIH).**

**Degree of care definition –LSData-LSD. Law**

Definition: Degree of care refers to the level of caution and attention that a person is expected to exercise in a given situation.

(15). **Torts > Negligence > General Overview**

Proof of negligence subjective consists of evidence showing a duty to the injured party objective, a breach of that duty and an injury proximately resulting from the breach.

**Torts > Negligence > Standards of Care > Reasonable Care > General Overview**

**Torts > Negligence > Duty > General Overview**

Police officers must exercise a degree of care for the safety of other persons when engaged in the pursuit of a suspected law violator.

(16). "**In hiring an employee, an employer has a duty to exercise a degree of care," "commensurate with the nature and danger subjective of the business"** in which the employer is engaged and the nature and

grade of service for which the employee is intended objective. **"[W]hether an employer's knowledge of an employee's incompetency was actual or constructive,"** the "employer is chargeable with knowledge of the incompetency," if by the "exercise of due" or "[r]easonable care" or "[d]iligence the employer could have ascertained such incompetence."

(17). **SEEKING CAUSE FOR ACTION, RELIEF CLAIM AGAINST RESPONDENT MOTIVATED BY EVIL INTENT "RECKLESS TO RELATOR RIGHTS."**

**Sec. 9.002. APPLICABILITY. (a) This chapter applies to an action in which a claimant seeks:**

(1) **damages for personal injury, property damage,**

regardless of the legal theories or statutes on the basis of which

recovery is sought, including an action based on intentional conduct,

negligence, strict tort liability, products liability (whether strict

or otherwise), or breach of warranty; or

(b) **This chapter applies to any party who is a claimant, including but not limited to:**

(18) **the State of Texas.**

**(c)** In an action to which this chapter applies, the provisions

of this chapter prevail over all other law to the extent of any conflict.

**Added by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 2.01, eff. Sept. 2, 1987.**

**Abandonment**: Abandonment is a term that applies to a variety of areas of law. These areas include matrimonial law, civil procedure, and property.

**Matrimonial Law**

**In matrimonial law, abandonment law, abandonment is a form of martial misconduct which...**

(19). **Common Law Suit, State Statute "Tort Claim"** seeks **Relief** against Mr. David Bowers, acts of conducts for violation under **Title 42. The Public Health and Welfare Chapter 21. Civil Rights of § 1981**. **Equal Rights under the Law History, Ancillary Laws and Directives.**

**§ 1981. Equal Rights under the Law**

(a) **Statement of Equal Rights.** All persons within the jurisdiction of the United States shall have the same right in every State and Territory, to make   and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) Make   and enforce contracts" defined.  For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination, of contracts, and the enjoyment of all benefits, privileges, terms, and condition of the contractual relationship.

(c) Protection against impairment. The Rights protected by this section are protected against impairment by nongovernmental discrimination under color of State Law.

**(R. S. § 1977; Nov. 21, 1991, P. L. 102-166, Title 1, § 101, 105 Stat. 1071).**

**If a warning is not provided,** and it can be shown that the **governmental unit actually knew** or should have known about the defect, the **governmental unit may be held liable for personal injuries** or ~~death~~ caused by the defect. **Section 101.022 also imposes a duty to warn of the absence, condition, or malfunction of traffic signals, signs, or warnings. See id. §101.060, which states** that a governmental unit is liable only if the situation is not corrected within a reasonable time after notice of the missing or malfunctioning sign **or** signal. With special defects, the governmental unit owes the same duty to warn that a private landowner owes to an invitee. **Payne, 838 S.W.2d at 237; Harris County v. Eaton, 573 S.W.2d 177, 180 (Tex. 1978).**

## III. SECOND CAUSE FOR ACTION

(20). **Relator**, Jackson, had made a reported against Mr. David Bowers, his acts within his [n]orms of misconduct subjective that was filed into court against state employee of **[M. T. C.]; Management & Training Corporation,** against Mr. David Bowers, **et al** action contract style personalized behaviors **objective** due to Impulsive   un-ethics of conducts of **Relator,** Jackson, suffering harms against an [i]ndividual **exercise use of force** by approaching pathway creation of [e]xtortion threatening abusive aggravated assault with the intent to cause harms and "**[h]indering unlawful conducts" of exercise of a degree of care,** against the **Relator,** Victor Jackson, due to unethical conducts, by Respondents, and Respondents **Mr. David Bowers; Sgt. Mr. Jefferson, Security Officer Ms. Quintanilla; Security Officer Mr. Hughes; and Security officer, Mr. Cond's, and Ms. Rebecca Lang, Clinical Director,** acts of ignoring the deprive conducts within their [n]orms of Individual Capacities, as [p]unishment hindering of his **[D]ue**

Process and "[C]onstitutional Rights," of "Aggravated Assault," date: **8-8-2024,** from a **State Public Official,** by violation of the **Relator,** Jackson, Constitutional Rights, and Fourteenth Amendment Rights, and **"[E]ighth Amendment Rights**, of Cruel and Unusual Punishment," "Texas Health & Safety Code" **Title 2,** violation of **"unethical conduct"** means conduct prohibited by the ethical standards adopted by state **(or)** national professional organization for their respective professions    **(or)** by rules established by the **state licensing agency** for the respective profession, **subjective** and **objective** and Constitutional Rights, by deprive. **[O]bstruction of justice,** acts forced up-on **Relator,** Jackson, or obstructing [of] those who seek against justice in a court, or those who have duties or powers of administering justice therein." **214 S. W. 788.** It was an offense at **Common Law. Id. At 789. Statute.**

**Relator,** Victor Jackson, is seeking

(21). **Section 10.001. (b)**  The court on its own initiative may enter an order describing subjective the specific conduct that appears to violate **Section 10.001**, and direct the alleged violator to show cause why the conduct has not violated that section. (c)  **The court may award to a party prevailing on a motion under this section the reasonable expenses and attorney's fees incurred in presenting or opposing the motion, and if no due diligence is shown the court may award to the prevailing party all costs for inconvenience, harassment, and out-of-pocket expenses incurred or caused by the subject litigation.**

 **Added by Acts 1995, 74th Leg., ch. 137, Sec. 1, eff. Sept. 1, 1995.**

(22). Violation of Mr. David Bowers, acts violated the [n]orms of the employer must have **[P]rofessional** Judgement Standard, **"[e]xercise a degree of care."** "The Eighth Amendment," which forbids **"Cruel and Unusual Punishment,"** [o]bjective governs the treatment of convicted resident clients. For the **Relator** to win an **Eighth Amendment,** case, **Relator**, Jackson, must establish both an **"Objective and Subjective"** component, he has done the **[S]tate of mind of the Official,** of Mr. David Bowers, deprived acts within the intent within his [n]ormal Individual Capacities, of denying treatment into [o]bjectively, **"abuse of authority and oppression"** committed aggravated assault to those of whom he is responsible for. As a **[T. C. C. O.]** case manager, Ms. Karon Gonzales, acts within her [n]orms refused to do her duty should be working for the **Relator**, Victor Jackson, welbeing as a social worker on her client's behalf; but didn't [o]bjectively. She did so by refusing address the conflict between him and **Relator,** Jackson, by engaging in **"unethical conduct."** She failed to show **"exercise a degree of care,"** that a reasonabl[y] competent member of the **[p]rofession standard** would exercise under similar circumstances by intentionally abuse his authority by [a]ggravated assaulting," the client **Relator**, Mr. Victor Jackson, within the in tenting to

causing abusive harming of assaulting **Relator**, Jackson, by his action assaulting him." **Mental Anguish,** compensable injury embracing all forms of mental pain, as opposed to mere physical pain, including deep grief, distress, anxiety and fright. **See 114 So.529.**

### IV. Relator, THIRD Cause for Action, States Common Law Suit State Statute "Tort Claim"

(23). **Relator**, Victor Jackson, **State of Texas Statute a Common Law Suit "Tort Claim,"** against Mr. David Bowers, acts for violation **De Facto CORPORATION: One existing de facto, i. e., without actual authority of law**. **Three elements of de facto corporations are:** the existence of a statute under which the corporation might have been validly incorporated; a colorable attempt to comply with **such statute;** and some use **or** exercise of corporate privileges. **Henn & Alexander, The Law of Corporations p. 330 (3d ed. 1983)**. See also **de facto [DE FACTO CORPORATIONS]. Conspirator**: one involved in a **[c]onspiracy**; **one who** "**acts with another,**" **[s]ubjectively** or others, in **"[f]urtherance of an unlawful transaction of power."** "It is not necessary **that all of the conspirators either meet together** or **agree simultaneously...** It is not necessary that each **[m]ember** of a **conspiracy** know the **exact part which every other participant** is playing; **[n]or** is it necessary in order to be [b]ound by the acts of his associates that each member of a conspiracy, shall know all the other **"[p]articipants therein;" [n]or** is it requisite that **"[s]imultaneous action be had for those who come on later,"** and cooperate in the common effort to obtain the **"[u]nlawful results, to become parties thereto and assume [r]esponsibility for all that has been done before." 47 F. Supp. 395, 400-01.**

(24). **On August 12, 2024, between** the hours of **10:40 am,** and **11:30 am, "[L]amb County Sheriff Office investigator Mr. Wesley Moore,"** came to see me along with [C]hief of Security Mr. James Winckler. **Investigator** Mr. Wesley Moore, informed me that his "**Body Cam was on."** I, told **Investigator** Mr. Wesley Moore, that I wanted to file a **"Aggravated Assault Complaint"** against Mr. David Bowers, Facility Administrative, action of conduct for using a **"Chemical Agent Gas"** as a weapon on me within the intent to kill intentionally**. Investigator Mr. Wesley Moore, has never came back to me. Investigator Mr. Wesley Moore**, acts within his [n]orms of Individual Capacities, objective to **"[P]olice Department, of Lamb County, Sheriff's Department"** violated **Relator,** Jackson**, Health & Safety of Relator,** Victor Jackson, **Constitutional Rights,** by refusing to file the complaint [**cause for action,]** for **Common Law Suit State Statute "Tort Claim"** by deprived me of the right to file the "**aggravated assault of unethical conduct"** within his duties the professional would exercise under similar circumstance. As an **Investigator** Mr. Wesley Moore, has knowingly and intentionally covered up the **cause for action** against Mr. David Bowers, "**acts of unethical conduct,"** as well abusive of his authority as an **official of the Law**. Whereas, **Relator,**

Mr. Victor Jackson, wrote to his Case manager Ms. Ms. K. Gonzales, on date: **8-11-2024**, on Client **Communication Form. CM 24-08-277**, from **[S. M. U.]** that they shouldn't be using at all. And on date**: 8-12-2024,** to Clinical Director Ms. Lane. even asking them also to call the Sheriff's Office, I, was denied continually and objectively.

(25). **(a). Explain the Legal basis for your claim---e.g., federal law, state law, etc**

**(1). 379 F. 3d 159...Iberia Credit Bureau, Inc. v. Cingular Wireless LLC... July. 21, 2004.**

**A federal court's duty to follow federal law, means that such court must exercise a degree of care** subjectively when applying **"State"** decisions that strike down arbitration clauses as unconscionable. Such Scrutiny **of "State"** decisions is unusual in the comity-driven federal system, but it is the **federal court's duty under the Federal Arbitration Act.**

(26). **AI Overview "Federal exercise a degree of care"** means that when the federal government acts, it is expected to take reasonable precautions and act with the same level of care [s]ubjective that a prudent person would in similar circumstances, avoiding negligent and potential harm to others; essentially, it signifies a legal standard for government conduct requiring them to act responsibly and with due diligence.

**Standard of reasonable person":**

**The degree of care"** is typically judged base on what a reasonable person would do in the same situation, considering the context and potential risks involved.

**Liability for negligence:**

If a Federal agency or employee fails to exercise the required degree of care and cause harm to someone, objective they could be held liable for negligence.

**Varying situations:**

Depending on the specific situation, the standard of care may be adjusted to reflect the complexity of the task and the potential consequence of errors objective.

**Example scenarios:**

Federal prison managements:

A prison warden must exercise a degree of care to protect inmates from harm by providing adequate security measures and monitoring their wellbeing.

**Environmental regulations:**

When enforcing environmental regulation, a federal agency must exercise due care to ensure accurate monitoring and enforcement actions.

**The Standard of Care-PMC**

The standard of care is a legal term, not a medical term. Basically, it refers to the degree of care a prudent and reasonable pers...

**National Institutes of Health (NIH) (.gov)**

**Code of Federal Regulations § 404.511-SSA**

**(a). Degree of care.** An individual will not be without fault if the Administration has evidence in its possession which shows either...

## V. FOURTH CAUSE FOR ACTION

(27). **What is exercise a duty of care?**

**State: Overview.** A **'duty of care'** refers to the "**obligations placed on people to act towards others,"** in a certain way, in accordance with certain standards. The term can have a different meaning depending on the legal context in which it is being used. Rule 403. Excluding Relevant Evidence for Prejudice, Confusion, Waste of Time, or Other Reasons The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence. History: **(Jan. 2, 1975, P. L. 93-595, § 1, 88 Stat. 1932; April. 26, 2011, eff. Dec. 1, 2011.) Annotations HISTORY; ANCILLARY LAWS AND DIRECTIVES**

**Other provisions:**

(28). **The employer must have "[P]rofessional Judgement Standard," exercise a degree of care,** commensurate with the **"[n]ature"** and **"[d]anger of the business,"** in which he is engaged and the nature subjective and grade of service for which the servant **{2023 U.S. Dist. LEXIS 13}** is intended. He must

[e]xercise due care, to discover incompetency and whether he has done so [o]bjective, is held to be a question for the jury. Consistent with this "rule actual knowledge of incompetency upon the part of the employer" is not necessary to render the employer liable for an act of an incompetent servant. **20 Tenn. App. 229, 97 S.W.2d 452, 453-54 (Tenn. Ct. App. 1936) (emphasis added). In other words, an employer like Randstad "may be liable" "[f]or not exercising the necessary due care and diligence" in retaining the employment of an individual, even if it is not liable for the more specific negligence at issue. Furthermore, "[w]hether due care was exercised" is generally a jury question. See id.**

(29). **"TEXAS HEALTHY & SAFETY CODE" TITLE 2, HEALTH "Unethical conduct"** means conduct prohibited by the **ethical standards adopted by state** (or) national professional organizations for their respective professions (or) **by rules established by the state licensing agency for the respective profession.**

(30). **Subchapter L. abuse, neglect, and unprofessional (or) Unethical conduct in Health Care Facilities Sec. 161. 131. Definitions. Sec. 161.132. reports of subjective "Abuse and Neglect or Unethical Conduct." Sec. 161 134. In-Service training. Sec. 161.134 Retaliation against nonemployees Prohibited. Sec. 161. 136.**

(31). **"(Abuse)"** Has the meaning assigned by the "**Federal Protection,**" and "**AdvoCare for individuals**" with **Mental Illness Act (42 U. S. C. Section 10801 et seg.**

(32). **Burciaga v. Deutsche Bank Nat'l Trust Co., 871 F.3d 380, 384 n.4 (5th Cir. 2017) ("this court is duty-bound to examine its subject-matter jurisdiction sue sponte"). "A federal court must presume {2023 U.S. Dist. LEXIS 8}** that an action lies outside its limited jurisdiction, and the **burden of establishing subjective,** that the court has subject matter jurisdiction to entertain an action rests with the party objective asserting jurisdiction." **Wiggins v. La. State Univ.-Health Care Servs. Div., No. 19-731, 2019 U.S. Dist. LEXIS 217076, 2019 WL 6887183, at \*2 (M.D. La. Nov. 25, 2019) (citation omitted).**

(33). **"(Hospital)" has the meaning assigned by Section 571.003.**

(34). **"STATE HEALTH CARE REGULATORY AGENCY" MEANS ASTATE AGENCY THAT LICENSES A HEALTH CARE PROFESSIONAL.**

(35). **"Treatment facility"** has the meaning assigned by **Section 464.001.**

(36). **"Unethical Conduct"** means conduct prohibited by the ethical standards adopted by **State a degree of care** (or) **national professional organizations for their respective professions** (or) **by rules established by the State Licensing, agency for the respective profession.**

(37). **"Unprofessional Conduct"** means conduct prohibited under rules adopted by **State Licensing Agency, for the respective profession. History:**

Enacted by acts 1993, 73rd Leg. Ch. 573, § 1.01, effective September 1, 1993; Am. Acts 2015, 84th Leg., ch. 1(S. B. 219), § 3.0473, effective of Amendments 2015 Amendment, substituted **"Advocacy for Individuals with Mental Illness Act"** for "**Advocacy for Mental Ill Individuals Act of 1986"** in **(1)** and **(8).**

(38). **Sec. 161. 132. Reports of Abuse and Neglect (or) of "illegal," "unprofessional," (or) "unethical conduct." (A) a person, including an employee, volunteer, or other person associated with an [i]npatient**

**State: Mental Health facility subjective.**

**"Exercise a degree of care"** means to act with the level of caution and attention that a reasonable person would use under similar circumstances, essentially taking necessary precautions to avoid causing harm to others; it refers to the standard of care expected in a given situation.

**"Key points about "exercise a degree of care":**

**Reasonable person standard:**

The Key concept is that of a **"reasonable person,"** meaning someone with average prudence and judgment in a similar situation.

Context matter: **The required degree of care** can vary depending on the specific circumstances, such as the potential risk involved and the individual's profession.

**Failure to exercise care- Negligence:**

If someone fails to **[e]xercise the appropriate degree of care** and causes harm to another, they may be considered negligent and liable for damages.

**Example scenarios:**

A doctor **"exercising a degree of care"** would follow established medical practices and provide appropriate treatment based on the patient's condition.

**The Standard of Care-PMC**

Basically, it refers to the **degree of care** a prudent and reasonable person, would exercise under the circumstances. State Legislature.

National Institutes of Health (NIH).

**Degree of care definition –LS Data-LSD. Law**

Definition: **Degree of care** refers to the level of caution and attention that a person is expected **to exercise in a given situation.**

(39). **CIVIL PRACTICE AND REMEDIES CODE TITLE 1. GENERAL PROVISIONS CHAPTER 1. GENERAL PROVISIONS**:

**Sec. 1.001. PURPOSE OF CODE. (A**) This code is enacted as a part of the "**State's**" continuing "**Statutory**" revision program, begun by the "**[T]exas Legislative Council in 1963**," as directed by the **Legislature in Chapter 323**, **Government Code.** The program contemplates a topic-by-topic revision of the **state's** general and permanent **Statute Law**, without substantive change.

(b) Consistent with the [o]bjective of the **statutory** revision program, the purpose of this code is to make the law encompassed [s]ubjective by this code more accessible and understandable, by:

(4) restating the Law in modern American English to the greatest extent possible.

**Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985. Amended by acts 1987, 70th Leg., ch. 167, Sec. 3.01, eff. Sept. 1,1987.**

(40). **Sec. 9.014. PLEADINGS NOT FRIVOLOUS. (a)** A general denial

does not constitute a violation of any of the standards prescribed by

Section 9.011.

(b) The amount requested for damages in a pleading does not

constitute a violation of any of the standards prescribed by Section **9.011.**

**Added by Acts 1987, 70th Leg., 1st C.S., ch. 2, Sec. 2.01, eff. Sept.**

**2, 1987.**

(41). **CIVIL PRACTICE AND REMEDIES CODE**

**Statute text rendered on: 3/22/2024 - 4.**

Relator, Victor Jackson, seeks **Common Law Suit State Statute** "Tort Claim" Sec. 15.093. TORTS. A "[t]ort suit for damages" may be brought in the county and precinct in which the injury was inflicted. Acts 1985, 69th Leg., ch. 959, Sec. 1, eff. Sept. 1, 1985.

For purposes of standing, **injury-in-fact** must be **both particularized** and **concrete**, not conjectural or hypothetical. For an injury to be particularized, it must affect the **Relator**, in a personal and individual way. A "**concrete**" and "**particularized injury**" generally exists if the **Relator**, Jackson, is himself an **object** of the action **(or forgone action)** at issue. If he is, there is ordinarily little question that the action **or** inaction has caused him injury, and that a judgment preventing **or** requiring the action will redress it. The question of whether someone is in fact an **object,** of a regulation is a "**flexible inquiry**" rooted in "**common sense**," and **underlies all three elements of standing**.

(42). **CIVIL PRACTICE AND REMEDIES CODE TITLE 2. TRIAL, JUDGMENT, AND APPEAL. SUBTITLE B. TRIAL MATTERS**

**CHAPTER 27. ACTIONS INVOLVING THE EXERCISE OF CERTAIN CONSTITUTIONAL RIGHTS**

(4) **"Exercise of the right to petition"** means any of the following**:**

(iii) an executive or **other proceeding before a department of the state** or federal government or **a subdivision of the state or federal government;** Negligence is the failure to behave with the **level of care** that a reasonable person would have exercise under the same circumstan...

(43). **Mental Health Key 465(3)**

**257 A----**

   **257AIV** Disabilities and Privileges of Mentally Disordered Persons

**257AIV(E) Crimes**

**257Ak452 Sex Offenders**

**257Ak465 Disposition; Commitment**

**257k465(3) Treatment.**

**State failed** to make '**[C]onstitutionally adequate mental health treatment** available to civilly committed sexually violent predates; departure from professional minimum standards was so substantial as to demonstrate that its decisions and practices were not based on professional judgment, and thus violated due process. **U. S. C. A. Const. Amend. 14.**

(44). **Civil Rights Key 1450**

**78----**

    **78III Federal Remedies in General**

**78k1449 Injunction**

**78k1450 In General**

**(Formerly 78k262.1)**

"injunction measures ordered against State agency or official ordinarily must be no broader than necessary to remedy Constitutional violation, but remedy may go beyond precise terms of specific violation when there is record of past Constitutional violations and violations of past court orders."

**Contempt key 20**

**93----**

    **93I Acts or Conduct Constituting Contempt of Court**

**93k19 Disobedience to mandate, Order, or Judgment**

**93k20 In General.**

"Test for determining contempt is whether Respondents have performed all reasonable steps within their power to insure compliance with a court's order **exercise a degree of care**."

(45). **Contempt key 20**

**93----**

**93I Acts or Conduct Constituting Contempt of Court**

**93k19 Disobedience to Mandate, Order, or Judgment**

**93k20 In General.**

"[C]ontempt need not be willful; there is no good faith exception to requirement of obedience to court order."

(30)**. Contempt key 60(1)**

**93----**

    **93II Power to Punish, and proceedings Therefor**

**93k60 Evidence**

**93k60(1) Presumptions and Burden of Proof.**

[See headnote text below]

(46). **Contempt key 60(3)**

**93----**

**93II Power to Punish, and Proceedings Therefor**

**93k60 Evidence**

**93k60(3) Weight and Sufficiency.**

"Party alleging civil contempt must demonstrate **by clear and convincing evidence that parties** to be **held in contempt violated court's order;** burden then shifts to alleged contempt contemnors to demonstrate why they were unable to comply."

**FINDINGS OF FACT, CONCLUDING'S OF LAW**

**INTRODUCTION CAUSE FOR ACTION OF RELIEF CLAIM**

(47). **Monell v. New York Social Service 98 S. Ct. 2018 (1978);** When a **Respondent's** and Supervisory, has put in place a practice or policy with a deliberate **objective** to violate **Relator**, Victor Jackson, "[E]ighth Amendment Rights, against **Cruel and Unusual Punishment- which cause you him a wonton infliction of pain** because of **"[t]heir deliberate indifference.**" The **Respondents**, can "**be held liable"** for the acts of aggravated assault, of intentionally not being reported to Littlefield, Police Department, each one of the employees should be held for the **abusive treatment of care** [s]ubjective.

(48). **Acts of private Entitle as state Action:**

**Civil Rights**, such as are **guaranteed** by "**Constitution against State Aggression Agency,"** cannot be impaired by "**wrongful acts of individual**," unsupported by **State Laws**, customs, or judicial or executive proceedings. **United States v. Stanley, 109 U. S. 3, 3 S. Ct. 18, 27 L. Ed. 835 (1883).** By place their self's above the law, **under the color of state law.** The courts have provided a forum for the protection of the right of a "**Persons in the Custody of the State to Procedural Due Process."**

(49). **Relator,** Jackson, allegation **"mental Anguish"** of "**Abusive of Aggravated Assaults"** was done on purpose **(1)** violation **State** and **Federal** Rules by deprive "**Health and safety,"** subjective evidence and may be considered for all **purpose ((Delgado v. State, 235 S. W. Ed. 244, 251 (Tex. Crim. App. 2007); Grubbs v. State, 440 S. W. 3d 130, 137 (Tex. App. -Houston [14th Dist.] 2013, pet Ref'd.)).** "The Executive

and Public-Health" orders are **Unconstitutional Vague**; and **(2)** The Public violate **"Due Process Rights,"** and **Texas Administrative-Procedure Act**, Against A client resident. **Relator,** Victor Jackson, is confined pursuant to an order of Civil Commitment; therefore, he is not considered a **"prisoner"** within the means of **28 U. S. C. § 1915 (H),** and is **not subject** to the screening procedures of **28 U. S. C. § 1915 A. See Bohannan v. Doe, 527 F. App'x 283, 289-90 (5th Cir. 2013) (per curium) (concluding that a Civilly Committed [SVP] was not a "prisoner" within the meaning of Prison Litigation Reform Act); Michau v. Christion Cnty., 434 F. 3d. 725, 727 (4th Cir. 2006)** same); **Allen v. Sieler, No. 4:12-CV-Y, 2013 W. L 357514, at \*1 (N. D. Tex.) aff'd 535 F. App'x 423 (5th Cir. 2013) (per curium) (citing Jackson v. Johnson, 475 F. 3d 261, 266 (5th Cir. 2007))** same).

(50). The **"[F]ourteenth Amendment, Due Process Clause of the United States Constitution,"** requires **"[S]tate officials"** to provide civilly- committed person, **exercise a degree of care**, such as these **Relator,** Victor Jackson, with access to mental health treatment that gives them a realistic opportunity to be cured, or to improve the mental condition for which they were confined. See **Youngberg v. Romeo, 457 U. S. 307, 319-22, 102 S. Ct. 2452, 73 L. Ed. 2d 28 (1982); Ohlinger v. Watson, 652 F. 2d 775, 778 (9th Cir. 1980). This rule applies to sex offenders, and "[l]ack of funds,** staff or facilities cannot justify the "[S]tate's **failure to provide [those confined]"** with that treatment necessary for rehabilitation**." Ohlinger v. Watson, 652 F. 2d at 778-79."** The Youngberg Constitutional Standard determines whether a particular decision has substantially met professionally accepted minimum standards**." Society for Good Will to retarded Children, Inc. v. Cuomo, 737 F. 2d 1239, 1248 (2nd Cir. 1984).**

(51). **Relator**, Jackson, has stated a cause for action, **Common Law Suit Statute State "Tort Claim"** against the Head Administrative Ms. David Bowers, acts of **"[A]busive Oppression Punishment,"** [o]bjectively within the intent within his [n]orms Individual Capacities, acts accordingly these Relator's, and others involuntarily confined through civil proceedings, cannot simply be warehoused and put and out of sight; they must be afforded adequate treatment. Although confined, they are not prisoners. We are entitled by law to "more considerate treatment and conditions, but are denied of **"negligence is the failure to behave with level of care that a reasonable person would have, exercise under the same circumstance"** of under the "[S]tate exercise a degree of care," of confinement than criminals whose conditions of confinement are designed to punish." **Youngberg, 457 U. S. at 322, 102 S. Ct. 2452.** Recognizing these requirements, the Washington Statute provides that "[a]ny person committed pursuant to this chapter has the right to adequate care and individualized treatment." **RCW   71.09.080(2).**

(52). **Relator**, Jackson. **[S]tates subjective** as to the nature of the treatment, the **State "enjoy[s] wide latitude in developing treatment regiments [for sex offenders]," Kansas v. Hendricks, 521 U. S. 346, 368 n. 4, 117 S. Ct. 2072, 138 L. Ed 2d 501 (1997),** and **[liability on a claim of Constitutional deprivation]** may be imposed only when the decision by the **[professional is such a substantial departure from accepted professional judgment, practice, or standards];** as to demonstrate that the person responsible actually did not base the decision on such a judgment." **Youngberg, 457 U. S. at 323, 102 S. Ct. 2452. Relator,** Victor Jackson, **allege** Common Law Suit State Statute **"Tort Claim"** that the objective destruction [o]ccurred pursuant to **state policy** violation of identifying deprive **"[e]thics of standards"** conduct due to aggravated assaulting **Relator**, Victor Jackson.

(53). **Sec. 27.002.  PURPOSE.**  The purpose of this chapter is to **"encourage"** and **"safeguard the constitutional rights,"** of persons to petition, speak freely, associate freely, and otherwise participate in government to the maximum extent permitted by law and, at the same time, protect the rights of a person to file meritorious lawsuits, for demonstrable injury. **Added by Acts 2011, 82nd Leg., R.S., Ch. 341 (H.B. 2973), Sec. 2, eff. June 17, 2011.**

(54). **Relator,** Victor Jackson, seeks of Claim **Monell v. New York Social Service 98 S. Ct. 2018 (1978);** When a respondent Supervisory has put in place a practice or policy with a **deliberate objective** to violate **Relator**, VICTOR JACKSON, **Eighth Amendment Rights, against Cruel and Unusual Punishment-** which cause him a **wonton infliction of pain,** because of their deliberate indifference each respondents can **be held liable.**

(55). **Wood v. Strickland, 420 U. S. 308, 322, (1975).** The subjective component refers to **"permissible intentionally." "Ibid."** Characteristically the court has defined these elements by identifying the circumstance in which **"Qualified Immunity would not be available." Referring both** to the **objective** and **subjective elements**, we have that **"qualified immunity, would be defeated if an official" "knew or reasonable should have known, that the action he or she took within his sphere of official responsibility, would violation the Constitutional Rights of the Relator, Victor Jackson or if he took the action with the malicious intentionally injury…" "Ibid."**

**Under the collateral order doctrine**, however, a district court's **"order denying qualified immunity, to the extent that it turns on an 'issue of law' is immediately appealable," as it is "distinct from the merits"** of the **case.**  A **district court's decision to deny qualified immunity**, on a motion for summary judgment is "not appealable if [it is] **based on a claim regarding the sufficiency of the evidence. . .. Therefore,** if the

District Court, concludes that the **summary judgment** record raises a genuine issue of material fact with respect to whether . . . qualified immunity is applicable, then that decision is not immediately appealable. . .." The applicable **standard of review** for "an interlocutory appeal asserting qualified immunity, differs from the standard **{463 F.3d 345}** employed in most appeals of summary judgment rulings." This court lacks "the power to review the district court's decision that a genuine factual dispute exists." Rather, this court may consider "only whether the district court erred in assessing the legal significance of the conduct that the district court deemed sufficiently supported for purposes of summary judgment." This court must **"accept the Relator's version of the facts as true"** and may review **de novo** only the purely legal question of whether **"the district court erred in concluding as a matter of law, that officials are not entitled to qualified immunity on [that] given set of facts."**

(56). **Wherein,** Relator, Victor Jackson, seeks **damages** against each **Respondent, named above:** under **Williams v. Kaufman County, 352 F. 3d. 994, 105 (5th Cir. 2003)** (Just as **Nominal Damages, are allowed without proof of injury,** that **Relator,** Victor Jackson, suffer sufficient mental by deprive legal rights under law. "**A punitive award may stand in the absence of actual damages**, where there has been a Constitutional Violation,"); **accord, Walker v. Bain, 257 F. 3d. 660, 674 (6th Cir. 2001); Robinson v. Cattaraugus County, 147 F. 3d. 153, 161 (2d Cir. 1998).** "[Q]ualified Immunity, is unavailable if the **"[C]onsttutional Rights,"** allegedly infringed was [c]early established at the time of the conduct against **Respondent,** Head Administrative Mr. David Bowers, et al., acts of conducts, against Client Resident Relator, Jackson, and was **"objective"** within was warned of his action and he knew that the conduct violated the subjective of Constitutional [n]orm. **[P]rocunier v. Navarrete, 434 U. S. 555, 561-562, 98 S. Ct. 855, 55 L. Ed. 2d 24 (1978); see Brown v. Byer, 870 F. 2d 975, 981 (5th Cir. [Tex.] 1989)-"qualified immunity"** not available if the injury concludes no reasonable official could have believed conduct lawful]. At the time he had committed a crime against the **Relator,** Mr. Victor Jackson. Any employment of the government while acting within the scope of **[1980 U. S. Dist. Lexis 3]** his "[o]ffice" or "**employment**," under circumstance where the **United States,** if a private person, would be liable to the claimant in accordance within the Law. **Common Law Tort Statute State,** a **cause for action,** claim **[d]emand, punitive relief damages, compensation relief damages, under law** subjectively. **74 Am. Jur. 2d Torts § 8 (2011) ("A duty with which the Law of torts is concerned is that of avoiding causing harms to another.")** See **Moore v. Collins, 897 S. W. 2d 496, 501 (Tex. App. –Houston [1st. Dist.] 1995, no writ)** ("A [w]rong is called a **tort** only if the harm that has **resulted is capable of being compensated in an action at Law for damages.**"); **Humble Sand & Gravel, Inc. v. Gomez, 146 S. W. 3d 170, 194 (Tex. 2004) ("An ideal tort**

system should impose responsibility [for damages] on the parties according to their abilities to prevent the harm.")


## DECLARATION

**At Common Law,** the formal document setting forth Relator, State Cause for Action, which includes those facts necessary to sustain a proper cause for action, and to advise respondent of the grounds upon which he is being sued. **See 103 A. 228.** A declaration may contain one or more counts. Decision to determine; to form a definite opinion; or to come to a conclusion. **459 P. 2d 115, 118.**

Executed on this **22** , day of _January_ , 2025.

**RESPECTFULLY SUBMTTED**

_#03334170_ .

**Victor Jackson, Pro-Se #03334170**

Texas Civil Commitment Center

2600 South Sunset Ave.,

Littlefield, Texas 79339


## CERTIFICATION OF SERVICE

**This is to certify that a true and correct copies of the forgoing instrument have been forward to:**
United States District Court, **Office of the Clerk** for the Northern District of Texas, 1205 Texas Ave.,
**Room #209** Lubbock, Texas 79401**.**

Executed on **22** , day of _January_ , 2025

**RESPECTFULLY SUBMITTED**

_#03334170_ .

**Victor Jackson, Pro-Se #03334170**

**Texas Civil Commitment Center**

**2600 South Sunset Ave.,**

**Littlefield, Texas 79339.**

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF TEXAS**

**LUBBOCK, DIVISION**

Victor Jackson, Pro-Se #023334170

**Relator,**

**SUMMONS**

**Civil Action No. _____.**

**v.**

David Bowers, Et Al

SGT. MR. JEFFERSON

SECURITY OFFICER, MR.  HUGHES

SECURITY OFFICER, MR. CONDS

SECURITY OFFICER, MS. QUINTANILLA

CLINICAL DIRECTOR, MS. REBECCA LANG

 and in their Individually Capacities

**Respondents.**

_____

**TO THE ABOVE-NAMED RESPONDENTS:**

You are hereby summoned and required to serve up on **Relator,** whose address is Texas Civil Commitment Center, 2600 South Sunset Ave., Littlefield, Texas 79339. An answer to the complaint which is herewith serve upon you, **within 20** days after service of this **summons up-on you,** exclusive of the day of service, or **60** days if the **U. S. Government or officer/ agent thereof is a respondent**. If you fail to do so, judgment by demanded in the complaint.

**Clerk of the Court.**

**Date: _____.**

| CLAIM FOR DAMAGE, INJURY, OR DEATH | INSTRUCTIONS: Please read carefully the instructions on the reverse side and supply information requested on both sides of this form. Use additional sheet(s) if necessary. See reverse side for additional instructions. | FORM APPROVED OMB NO. 1105-0008 |
|---|---|---|

| 1. Submit to Appropriate Federal Agency: | 2. Name, address of claimant, and claimant's personal representative if any. (See instructions on reverse). Number, Street, City, State and Zip code. |
|---|---|
|  | Victor De'Wayne Jackson #03534170 Texas Civil Commitment Center 2600 South Sunset Ave. Littlefield, Texas 79339 |

| 3. TYPE OF EMPLOYMENT | 4. DATE OF BIRTH | 5. MARITAL STATUS | 6. DATE AND DAY OF ACCIDENT | 7. TIME (A.M. OR P.M) |
|---|---|---|---|---|
| ☐ MILITARY ☒ CIVILIAN | 05·21·68 | Divorced | August 8, 2024 | between 4:30pm-5:30pm |

**8. BASIS OF CLAIM** (State in detail the known facts and circumstances attending the damage, injury, or death, identifying persons and property involved, the place of occurrence and the cause thereof. Use additional pages if necessary.) ON August 8, 2024, between the hours of 4:30pm and 5:30pm At the Texas Civil Commitment Center, on Bravo Building, 2. Section, while I talked with Sgt. Jefferson and Capt. Pierce About why they wanted to place me in solitary confinement, a Mr. D. Bowers, Facility Administrator, entered Bravo 2. Section.. Mr. D. Bowers, Facility Administrator, walked up to me and without warning Mr. D. Bowers sprayed me with a Chemical Agent in my face and once I was on the floor (NON-Resistent) Mr. D. Bowers reached down, stuck the Chemical Agent in my mouth and sprayed me in my mouth with intent to kill me.. (SEE ATTACH PAGE)

**9. PROPERTY DAMAGE**

NAME AND ADDRESS OF OWNER, IF OTHER THAN CLAIMANT (Number, Street, City, and State, and Zip Code). Mr. D. Bowers, Facility Administrator 2600 South Sunset Ave Littlefield Texas 79339

BRIEFLY DESCRIBE THE PROPERTY, NATURE AND EXTENT OF THE DAMAGE AND THE LOCATION OF WHERE THE PROPERTY MAY BE INSPECTED. (See instructions on reverse side). My Family Photos they were lost..

**10. PERSONAL INJURY/WRONGFUL DEATH**

STATE THE NATURE AND EXTENT OF EACH INJURY OR CAUSE OF DEATH, WHICH FORMS THE BASIS OF THE CLAIM. IF OTHER THAN CLAIMANT, STATE THE NAME OF THE INJURED PERSON OR DECEDENT. My throat was injured to the point I could not swallow solid food for over 30 days; My left shoulder was injured, I am receiving physical therapy because of the Assault on me; My Right knee was injured, I now have to wear a knee brace; My lower back was injured to the extent that now I suffer from back pain.. DUE TO AGGRAVATED ASSAULT WITH A WEAPON AGAINST ME by force intent TO HURT And Harm ME INTENTIONALly unlAwfully WITHOUT CAUSE TO ASSAULT.

**11. WITNESSES**

| NAME | ADDRESS (Number, Street, City, State, and Zip Code) |
|---|---|
| MARK HANSON #03161825 | 2600 South Sunset Ave, Littlefield, Texas 79339 |
| MTC Sgt. Jefferson | 2600 South Sunset Ave, Littlefield, Texas 79339 |
| MTC Security Officer Mr. McCline | 2600 South Sunset Ave, Littlefield, Teas 79339 |

**12. (See instructions on reverse). AMOUNT OF CLAIM (in dollars)**

| 12a. PROPERTY DAMAGE | 12b. PERSONAL INJURY | 12c. WRONGFUL DEATH | 12d. TOTAL (Failure to specify may cause forfeiture of your rights). |
|---|---|---|---|
| PHOTOS | THROAT, Left Shoulder, Lower Back, Neck, Right Knee | N/A | $9,000,000.00 |

I CERTIFY THAT THE AMOUNT OF CLAIM COVERS ONLY DAMAGES AND INJURIES CAUSED BY THE INCIDENT ABOVE AND AGREE TO ACCEPT SAID AMOUNT IN FULL SATISFACTION AND FINAL SETTLEMENT OF THIS CLAIM.

| 13a. SIGNATURE OF CLAIMANT (See instructions on reverse side). | 13b. PHONE NUMBER OF PERSON SIGNING FORM | 14. DATE OF SIGNATURE |
|---|---|---|
| Victor Bail | N/A - Address Only | 01·06·25 |

| CIVIL PENALTY FOR PRESENTING FRAUDULENT CLAIM | CRIMINAL PENALTY FOR PRESENTING FRAUDULENT CLAIM OR MAKING FALSE STATEMENTS |
|---|---|
| The claimant is liable to the United States Government for a civil penalty of not less than $5,000 and not more than $10,000, plus 3 times the amount of damages sustained by the Government.  (See 31 U.S.C. 3729). | Fine, imprisonment, or both. (See 18 U.S.C. 287, 1001.) |

Authorized for Local Reproduction
Previous Edition is not Usable

95-109

NSN 7540-00-634-4046

STANDARD FORM 95 (REV. 2/2007)
PRESCRIBED BY DEPT. OF JUSTICE
28 CFR 14.2

(CONTINUOUS OF SECTION B. BASIS OF CLAIM)

Because of Mr. D. Browers, Facility Administrator, attacking and assaulting me, I sustained severe injury to my left shoulder, my neck, my lower back, and to my right knee.. My ability to swallow was messed up due to Mr. D. Browers sticking the chemical agent canister in my mouth and spraying the chemical agent in my mouth.. I could not eat without my gagging and vomiting my food back up.. I lose 15 pounds in 25 days.. The Physician Assistant ordered or prescribed me medication for me to gruggle with to numb my throat in order to help me to swallow my solid food.. Unfortunate this did not work.. I wass then place on medical liquid deit for 7 to 9 days.. Done to aggravated assault.

My personal property was lost along with photos of my family.. I had photos of me and my brother in law together.. My brother in law is now dead.. These are the only photos I have with him in it..

(s.) Victor Brown
Victor Dewayne Jackson #0333417O

## INSURANCE COVERAGE

In order that subrogation claims may be adjudicated, it is essential that the claimant provide the following information regarding the insurance coverage of the vehicle or property.

15. Do you carry accident insurance? ☐ Yes  If yes, give name and address of insurance company (Number, Street, City, State, and Zip Code) and policy number. ☒ No

N/A

16. Have you filed a claim with your insurance carrier in this instance, and if so, is it full coverage or deductible? ☐ Yes ☒ No

N/A

17. If deductible, state amount.

N/A

18. If a claim has been filed with your carrier, what action has your insurer taken or proposed to take with reference to your claim? (It is necessary that you ascertain these facts).

N/A

19. Do you carry public liability and property damage insurance? ☐ Yes  If yes, give name and address of insurance carrier (Number, Street, City, State, and Zip Code). ☒ No

N/A

## INSTRUCTIONS

Claims presented under the Federal Tort Claims Act should be submitted directly to the "appropriate Federal agency" whose employee(s) was involved in the incident. If the incident involves more than one claimant, each claimant should submit a separate claim form.

### Complete all items - Insert the word NONE where applicable.

A CLAIM SHALL BE DEEMED TO HAVE BEEN PRESENTED WHEN A FEDERAL AGENCY RECEIVES FROM A CLAIMANT, HIS DULY AUTHORIZED AGENT, OR LEGAL REPRESENTATIVE, AN EXECUTED STANDARD FORM 95 OR OTHER WRITTEN NOTIFICATION OF AN INCIDENT, ACCOMPANIED BY A CLAIM FOR MONEY

**Failure to completely execute this form or to supply the requested material within two years from the date the claim accrued may render your claim invalid. A claim is deemed presented when it is received by the appropriate agency, not when it is mailed.**

If instruction is needed in completing this form, the agency listed in item #1 on the reverse side may be contacted. Complete regulations pertaining to claims asserted under the Federal Tort Claims Act can be found in Title 28, Code of Federal Regulations, Part 14. Many agencies have published supplementing regulations. If more than one agency is involved, please state each agency.

The claim may be filled by a duly authorized agent or other legal representative, provided evidence satisfactory to the Government is submitted with the claim establishing express authority to act for the claimant. A claim presented by an agent or legal representative must be presented in the name of the claimant. If the claim is signed by the agent or legal representative, it must show the title or legal capacity of the person signing and be accompanied by evidence of his/her authority to present a claim on behalf of the claimant as agent, executor, administrator, parent, guardian or other representative.

If claimant intends to file for both personal injury and property damage, the amount for each must be shown in item number 12 of this form.

DAMAGES IN A **SUM CERTAIN** FOR INJURY TO OR LOSS OF PROPERTY, PERSONAL INJURY, OR DEATH ALLEGED TO HAVE OCCURRED BY REASON OF THE INCIDENT. THE CLAIM MUST BE PRESENTED TO THE APPROPRIATE FEDERAL AGENCY WITHIN **TWO YEARS** AFTER THE CLAIM ACCRUES.

The amount claimed should be substantiated by competent evidence as follows:

*(a)* In support of the claim for personal injury or death, the claimant should submit a written report by the attending physician, showing the nature and extent of the injury, the nature and extent of treatment, the degree of permanent disability, if any, the prognosis, and the period of hospitalization, or incapacitation, attaching itemized bills for medical, hospital, or burial expenses actually incurred.

*(b)* In support of claims for damage to property, which has been or can be economically repaired, the claimant should submit at least two itemized signed statements or estimates by reliable, disinterested concerns, or, if payment has been made, the itemized signed receipts evidencing payment.

*(c)* In support of claims for damage to property which is not economically repairable, or if the property is lost or destroyed, the claimant should submit statements as to the original cost of the property, the date of purchase, and the value of the property, both before and after the accident. Such statements should be by disinterested competent persons, preferably reputable dealers or officials familiar with the type of property damaged, or by two or more competitive bidders, and should be certified as being just and correct.

*(d)* **Failure to specify a sum certain will render your claim invalid and may result in forfeiture of your rights.**

## PRIVACY ACT NOTICE

This Notice is provided in accordance with the Privacy Act, 5 U.S.C. 552a(e)(3), and concerns the information requested in the letter to which this Notice is attached.
  A. *Authority:* The requested information is solicited pursuant to one or more of the following: 5 U.S.C. 301, 28 U.S.C. 501 et seq., 28 U.S.C. 2671 et seq., 28 C.F.R. Part 14.

B. *Principal Purpose:* The information requested is to be used in evaluating claims.
C. *Routine Use:* See the Notices of Systems of Records for the agency to whom you are submitting this form for this information.
D. *Effect of Failure to Respond:* Disclosure is voluntary. However, failure to supply the requested information or to execute the form may render your claim "invalid."

## PAPERWORK REDUCTION ACT NOTICE

This notice is <u>solely</u> for the purpose of the Paperwork Reduction Act, 44 U.S.C. 3501. Public reporting burden for this collection of information is estimated to average 6 hours per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, to the Director, Torts Branch, Attention: Paperwork Reduction Staff, Civil Division, U.S. Department of Justice, Washington, DC 20530 or to the Office of Management and Budget. Do not mail completed form(s) to these addresses.

**STANDARD FORM 95** REV. (2/2007) **BACK**

Resident Statment for 11/1/2024 - 12/31/2024

ID#:    03334170

Name:  JACKSON, VICTOR

Date of birth: 19680521

Location: C1 - 3-2B -

|  | Available | + | Encumbered | = | Account Balance |
|---|---|---|---|---|---|
| Beginning Balance on 11/1/2024: | 0.66 | | 0.00 | | 0.66 |
| Ending Balance on 12/31/2024: | 0.01 | | 0.00 | | 0.01 |

Account activity:

| | | | | Resulting Balances | | |
|---|---|---|---|---|---|---|
| Date | Transaction Type | Transaction Description | Amount | Available | Debt | Encumbered |
| 11/4/2024 | | PHONE CALL CHARGE AUTHORIZATION | 0.66 | 0.00 | 0.00 | 0.66 |
| 11/4/2024 | | PHONE CALL CHARGE AUTHORIZATION | (0.66) | 0.66 | 0.00 | 0.00 |
| 11/4/2024 | | PHONE CALL CHARGE AUTHORIZATION | 0.66 | 0.00 | 0.00 | 0.66 |
| 11/4/2024 | | PHONE CALL CHARGE AUTHORIZATION | (0.66) | 0.66 | 0.00 | 0.00 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | 0.66 | 0.00 | 0.00 | 0.66 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | (0.66) | 0.66 | 0.00 | 0.00 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | 0.66 | 0.00 | 0.00 | 0.66 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | (0.66) | 0.66 | 0.00 | 0.00 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | 0.66 | 0.00 | 0.00 | 0.66 |
| 11/5/2024 | PHONE PURCHASI | PHONE TIME PURCHASE | (0.65) | (0.65) | 0.00 | 0.66 |
| 11/5/2024 | | PHONE CALL CHARGE AUTHORIZATION | (0.66) | 0.01 | 0.00 | 0.00 |

Due to computer posting the 'Balances as of  12/31/2024  may not reflect all trransactions posted for this period.  Carefully review the information on this statement.  If you question or dispute any item you must submit a request form to the inmate accounts office within 30 days.

Printed 1/14/2025 at  1:44:05PM          Page 1 of 1

EXHIBITS 19, PAGE'S OF FRONT AND BACK DOCTRINE

JACKSON, VICTOR #03334170    Case 5:25-cv-00015-BV    Document 1    Filed 01/27/25    Page 29 of 61    PageID 29
DOB: 5/21/1968   Facility Location: C1-7-16B

## Mental Health - Individual Treatment Plan

| **Date Initiated:** | **Provider:** |
|---|---|
| 07/16/2024 | Perdue |

**Presenting Problem:**

Bipolar disorder

PTSD

Recurrent isolated sleep paralysis

**Patient's Strength and Preferences:**

Mr. Jackson has received MTC MH services since 11/15/20. The client reports panic symptoms related to recurrent sleep paralysis, feelings of anger and anxiety. Mr. Jackson enjoys social activities and writing. Mr. Jackson is passionate about social justice and expectations of treatment. The client attends group with CT Morrow, and TCCO Case Manager is Gonzales.

### #1 Symptom/Problem Area

**#1 Symptom/Problem Area:**
Patient will take all medications as prescribed.

**#1 Recommended Treatment Modality:**
Medical staff will make medications available as prescribed.

**#1 Symptoms resolved:**
☑ No

**Add #2 Symptom/Problem Area:**
☑ Yes

### #2 Symptom/Problem Area

**#2 Symptom/Problem Area:**
Patient will report adverse reactions to prescribed medications.

**#2 Recommended Treatment Modality:**
Medical staff will educate patient on potential side effects of prescribed medications.

**#2 Symptoms resolved:**
☑ No

**Add #3 Symptom/Problem Area:**
*NO ANSWER PROVIDED*

** ITP will be reviewed at each subsequent visit **

**Interpreter:**
☑ No

---

**Mental Health - Individual Treatment Plan**
ITP for patients - to be reviewed at subsequent visits

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** BOX, CORA **on** 07/16/2024 13:22:19

1 of 2

Signatures



Cora Box - (WITNESS)
Captured On: 07/16/24 13:22:19
Patient has refused to sign

## Save Log

| User Name | AuditDateAndTime |
|---|---|
| BOX, CORA, | 07/16/2024 13:22:19 |

---

**Mental Health - Individual Treatment Plan**
ITP for patients - to be reviewed at subsequent visits

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** BOX, CORA **on** 07/16/2024 13:22:19

**MTC** Management & Training Corporation

A Leader in Social Impact

## Texas Civil Commitment Center
## Client Communication Form

Type of Communication

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: Medical

*Cm 24-08-273*

AUG 15 '24 AM 6:46

NAME: Victor Jackson    DATE: 08/08/24    TCCC# 333470    UNIT: SMU

**Client write request in this box:** During a Use of force against myself I suffered a neck injury and a lower back injury.. Please allow me to see a doctor..

**Client Signature:** _____    **Date:** 08/08/24

Date Communication received: _8/12/24_

**Staff Response to request:**

Seen by NP on 8/13/24 for c/o pain/injury

SCANNED

**Staff Signature:** _Vela_    **Staff Name Printed:** _Martinez_

**Staff Title:** _RN_    **Date:** _8/15/24_

**MTC** Medical     **Injury Assessment**     _approx._

Date/Time injury: 8·8·2024 app. 1725     Date/Time reported: 8.8.24 1730

Where did Injury happen (be as specific as to location): Brand

**Subjective:**    A) Cause of Injury (patient's statement of how injury occurred):
Resident not compliant with direct orders.

B) Symptoms (as reported by the patient) Neck, lower back and right knee cap pain eye irritation

Pain Scale 0-10 ___—___     Aggravating Factors: ___—___

Quality: ___—___     Alleviating Factors: ___—___

Location: _____     Does the pain radiate? Y / N If Yes _____ Duration: _____

**Objective:**    (observations or findings from examination) No injuries noted, just voiced pain eyes closed was sprayed with OC   132/90

Vital Signs: Temp 97.6 Pulse 158 Resp 22 B/P 109/90 Pulse Ox: 95% Weight ___—___

**Assessment / Treatment:**     Diabetic - BS _____

Tylenol 975mg given PO, will assess later when resident calm.

**Plan:**    □ Transfer to ER per Provider Order  **Transport via:** □ Van  □ 911/EMS Activate

Security Supervisor _____ notified of need to transport to the hospital: Time _____

□ Appropriate documents sent with patient  □ MAR □ Progress Notes □ Patient sent with security escort

□ Place in Medical Housing for _____ until _____

□ Cleared to Return to Current Housing in Facility per Provider: _____ Date/Time _____

□ Provider notified of possible need for Tetanus - order obtained as appropriate

☑ Other: released to security _____ □ Protocol used related to injury: _____

Tylenol 975mg by mouth

This Injury Required:
□ No Medical Attention
☒ Minor First Aid
□ Hospitalization
□ Medically Unassigned
□ Other (explain) _____

Physician Signature: _____

**Education:**    □ Instruction given to patient on further medical interventions required.
   □ Patient verbalizes understanding of the plan, risks, benefits, and alternatives and agrees to plan.

Medical Staff Signature: _____     Date/Time: 8·8·2024

Interpreter? Y / N  Name: _____ Language: _____

Provider Speaks: English / Spanish / Other: _____     Patient Speaks: English / Spanish / Other: _____

Patient Name: Jackson, Victor

Patient ID# 08384170

DOB 5.21.00

Injury Assessment with ER info BOP

Allergies: Bananas, Fish

Medications: See EMAR

Revised August 2018 / mb

## Document Notes

| Diagnosis | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
|---|---|

| Allergies | BANANAS, FISH, JELLY |
|---|---|

| Agency | TEXAS CIVIL COMMITMENT CENTER |
|---|---|
| Facility | TXTC - TEXAS CIVIL COMMITMENT CENTER |

| Race | A | Ethnicity | DE | Height | 5' 8" |
|---|---|---|---|---|---|
| DOB | 05/21/1968 | Gender | M | Weight | 174 |

**C1 - 7 - 16B -**
**JACKSON, VICTOR - 03334170**



## Document Details

| Title: | neck and lower back pain | **Uploaded By:** | ORNELAS, ANISSA |
|---|---|---|---|
| Group: | Medical | **Uploaded On:** | 8/15/2024 |
| Category: | Sick Call | **Signed By:** | |
| Provider: | neck and lower back pain | **Signed On:** | |
| Files: | Scan Aug 15, 2024 (2).pdf | | |

## Document Notes

No records match the criteria you have selected.

Management & Training Corporation

Texas Civil Commitment Center

## Behavior Management Committee Review

| | | | |
|---|---|---|---|
| SVP Client Name: Victor Jackson | | Report #: 24-08-31 | |
| SID: 0333470 | | Hearing Date/Time: 9/11/24 13:30 | |
| Violation #/Title: 38 Refusing or failing to obey orders. | | | |
| Violation Date: 8/8/24 | | | |

The purpose of the committee is to review the violation and arrive at a decision. All parties must conduct themselves properly. Failure to do so will result in removal.

READ VIOLATION TO CLIENT

| Does client understand the alleged violation? YES  NO | Has it been 24 hours since notice of allegation? YES  NO  If no, did client waive right?  YES  NO |
|---|---|
| SVP Client Response (circle one): ADMIT  DENY | NO CONTEST |

SVP Client Statement: Do Statement

| Did client provide a written statement?  YES  NO | If yes, attach statement |
|---|---|

| Behavior Management Committee has found the violation: | SUBSTANTIATED  UNSUBSTANTIATED |
|---|---|

Intervention: 30 day restriction Body dy phone restriction Hobby restriction

Committee Chair Printed Name and Title: J. Windever

Committee Chair Signature and Date: 9-11-24

Member #2 Printed Name and Title: C. Greenwalt, CEO

Member #2 Signature and Date: 9-11-2024

Member #3 Printed Name and Title: R. Garza, CD

Member #3 Signature and Date: MA, LPC, LSOTP  9-11-24

Member #4 Printed Name and Title:

Member #4 Signature and Date:

Interpreter (if applicable) Name and Signature:

Other Employees Present at Hearing: A. Rodriguez, EAA

Provide client with a copy.

SVP Client: You have the right to appeal this decision with respect to the committee's finding and the intervention imposed within 15 days of this hearing by filing a step 1 grievance. If you are dissatisfied with that response, you may file a step 2 grievance.

SVP Client Signature:

906DIS - Attachment3



# MEMO

**To:**       John Bowers, FA

**From:**    James Winckler, COS

**Date:**     September 3, 2024

**Re:**        BMR Extension – Jackson, Victor SID#03334170, Violation Report# IR 24-08-31

Violation Report #IR 24-08-31 regarding Jackson, Victor SID#03334170 was issued on 08/08/2024 and referred for behavior management review (BMR). The BMR deadline for this Violation Report is extended by 3 days to September 11, 2024.

James Winckler, COS                              09-04-2024

James Winckler, COS                              Date

Cc:              Client
                   TCCO Contract Monitors

MTC Management & Training Corporation

A Leader in Social Impact

## Texas Civil Commitment Center
## Client Communication Form

Type of Communication

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: _Medical_

*CM 24-08-273*

AUG 15 '24 AM6:46

NAME: _Victor Jackson_ DATE: _08/08/24_ TCCC# _334170_ UNIT: _SMU_

**Client write request in this box:** During a Use of force Against Myself I suffered A Neck injury And A lower back injury. Please Allow ME to see A doctor..

Client Signature: _[signature]_ Date: _08/08/24_

Date Communication received: _8/12/24_

**Staff Response to request:**

Seen by NP on 8/13/24 for c/o Pain/Injury

Staff Signature: _[signature]_ Staff Name Printed: _Martinez_
Staff Title: _RN_ Date: _8/15/24_

## Document Notes

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |



| | | | | | | | |
|---|---|---|---|---|---|---|---|
| **Race** | A | **Ethnicity** | DE | | **Height** | 5' 8" | |
| **DOB** | 05/21/1968 | **Gender** | M | | **Weight** | 174 | |

**C1 - 7 - 16B -**
**JACKSON, VICTOR - 03334170**

### Document Details

| | | | |
|---|---|---|---|
| **Title:** | liquid diet removal req. | **Uploaded By:** | ORNELAS, ANISSA |
| **Group:** | Medical | **Uploaded On:** | 8/19/2024 |
| **Category:** | Sick Call | **Signed By:** | |
| **Provider:** | liquid diet removal req. | **Signed On:** | |
| **Files:** | Scan Aug 19, 2024 (18).pdf | | |

### Document Notes

No records match the criteria you have selected.

MTC Management
& Training
Corporation

A Leader in Social Impact

## Texas Civil Commitment Center
## Client Communication Form

Type of Communication

CM 24-08-358

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: Dr. Ms. Edner - Clinical Therapist
EGNER

NAME: Victor Jackson          DATE: 08/12/24     TCCC# 03334170   UNIT: SMU

**Client write request in this box:** As my Therapist I am begging you to please contact the F.B.I. Field Office in Lubbock, TX...
Dr. Edner I seriously fear my life.. The "Excessive Use of Force" carried out against me by Mr. Bowers Facility Administrator, using a "Chemical Agent" as a weapon to cause me serious bodily injury — The video ("Surveillance") footage of it has been illegally removed.. Dr. Edner the local police refuse to do anything.. Again I fear for my life.

**Client Signature:** _(signed)_          **Date:** 08/12/24

Date Communication received: __8/15/24__

**Staff Response to request:**

I am giving this concern to FA. Bowers

**Staff Signature:** _(signed)_          **Staff Name Printed:** Rebecca A. Lang
**Staff Title:** Clinical Director          **Date:** 8/16/2024

**Manasseh Medical Imaging**

| | |
|---|---|
| Phone: | 806-281-9729 |
| Alt Phone: | null |
| FAX: | 806-281-9730 |

# PATIENT REPORT

| | |
|---|---|
| **PATIENT NAME:** | JACKSON, VICTOR |
| **DATE OF BIRTH:** | 05/21/1968 |
| **PATIENT ID:** | 4497 |
| **FACILITY:** | TEXAS CIVIL COMMITMENT CENTER |
| **ROOM #:** | E1-2-2B |

| | |
|---|---|
| **DATE OF SERVICE:** | 08/30/2024 |
| **REFERRING PHY. :** | Broselow, Robert |
| **TECHNOLOGIST:** | Chance Powell |
| **INTERPRETING COMPANY:** | Vesta Telerad |
| **REASON:** | M54.50-Low back pain, unspecified |
| **ORDERED:** | 72100-Spine, Lumbosacral, 2 Or 3 Views |

**Results Document ID:**    8176

**PROCEDURE:**    72100 - SPINE, LUMBOSACRAL, 2 OR 3 VIEWS

**FINDINGS :**    Exam: LUMBOSACRAL

Comparison: None available.

Findings:
Vertebrae: Preserved vertebral body height. No fracture.
Vertebral alignment: No spondylolisthesis. There is preservation of the lumbar lordosis.
Discs: Disc height loss at L5-S1, with endplate sclerosis. Anterior osteophytes throughout the lumbar spine.
Included abdomen: No pathologic calcifications observed. Colorectal fecal material stasis.

**IMPRESSIONS:**    Mild multilevel lumbar spondylosis, with small anterior osteophytes.

Signature
Image:
s:

Electronically Signed by BOU-ASSALY, WESSAM BOUTROUS DR MD at 31-Aug-2024 12:40:24 AM

**INTERPRETING DOCTOR:**    Wessam Bou-Assaly

**ELECTRONICALLY SIGNED :**    Wessam Bou-Assaly Sat, Aug 31, 2024 00:40:24 CDT

 **Vesta Telerad is Accredited by The Joint Commission**

## Document Notes

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |

| **Race** | A | **Ethnicity** | DE | **Height** | 5' 8" |
|---|---|---|---|---|---|
| **DOB** | 05/21/1968 | **Gender** | M | **Weight** | 174 |

**C1 – 7 – 16B –**
**JACKSON, VICTOR  - 03334170**

## Document Details

| | | | |
|---|---|---|---|
| **Title:** | spine/cervical xray | **Uploaded By:** | ORNELAS, ANISSA |
| **Group:** | Medical | **Uploaded On:** | 9/3/2024 |
| **Category:** | X-ray | **Signed By:** | |
| **Provider:** | spine/cervical xray | **Signed On:** | |
| **Files:** | Scan Sep 03, 2024 (60).pdf | | |

### Document Notes

No records match the criteria you have selected.



Management & Training Corporation
A Leader in Social Impact

## Texas Civil Commitment Center
## Client Communication Form

Type of Communication

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: Medical

*Cm 24-08-320*
*AUG 15 '24 AM 6:47*

NAME: Victor Jackson   DATE: 08/10/24   TCCC# 03334170   UNIT: SMU

Client write request in this box: On August 8, 2024, during a Use of Force My neck and back were injuried.. I'm experiencing severe pain in my neck and lower back.. (Please see me.)

Client Signature: _____   Date: 08/10/24

Date Communication received: 8/13/24

Staff Response to request:

Seen by NP on 8/13/24 for c/o pain/injury

Staff Signature: Vela   Staff Name Printed: Umartnez

Staff Title: RN   Date: 8/15/24

**Document Notes**

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |



| | | | | | | |
|---|---|---|---|---|---|---|
| **Race** | A | **Ethnicity** | DE | **Height** | 5' 8" | |
| **DOB** | 05/21/1968 | **Gender** | M | **Weight** | 174 | |

C1 - 7 - 16B -
**JACKSON, VICTOR - 03334170**

## Document Details

| | | | |
|---|---|---|---|
| **Title:** | neck and lower back pain | **Uploaded By:** | ORNELAS, ANISSA |
| **Group:** | Medical | **Uploaded On:** | 8/15/2024 |
| **Category:** | Sick Call | **Signed By:** | |
| **Provider:** | neck and lower back pain | **Signed On:** | |
| **Files:** | Scan Aug 15, 2024 (3).pdf | | |

### Document Notes

No records match the criteria you have selected.

**MTC** Management & Training Corporation

A Leader in Social Impact

Texas Civil Commitment Center
Client Communication Form

Type of Communication

*Cm 24-08-279*

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: Mr. J. Winckler — Chief of Security

NAME: Victor Jackson     DATE: 08/11/24     TCCC# 03334170     UNIT: SMU

**Client write request in this box:** Chief Winckler, I am begging you to please call Lamb County Sheriff's Office or Littlefield Police Dept. because I wish to file a CRIMINAL complaint AGAINST MR. BOWERS, FACILITY ADMINISTRATOR, for using a "Chemical Agent" as a weapon against me.. MR. BOWERS F.A., sprayed me with a "Chemical Agent" twice when I posed "No Threat" to Myself, or to staff/others, nor was I destroying state property.. MR. BOWERS, F.A., knowingly and intentionally "ignored" policy for the use of a Chemical Agent, and he ignored the Law.. MR. BOWERS, F.A., used this "Chemical Agent" on me with the intent to cause me serious bodily injuries.. (Please contact the Lamb County Sheriff's Office or Littlefield Police Dept so that I can make My complaint.)     cc: file

Client Signature: _Va f_     Date: 08/11/24

Date Communication received: _8/12/24_

**Staff Response to request:**

You spoke to LCSO

Staff Signature: _Jwhl_     Staff Name Printed: J. Winckler

Staff Title: _COS_     Date: _8/18/24_

**MTC** Management & Training Corporation

A Leader in Social Impact

## Texas Civil Commitment Center
## Client Communication Form

Type of Communication

Cm 24-08-277

☐ REQUEST FOR COPIES/RECORDS
☐ REQUEST FOR PROPERTY
☒ OTHER Specify: Mo. Gonzales - TCCC Case Manager

NAME: Victor Jackson          DATE: 08/11/24    TCCC# C3334170    UNIT: SMU

Client write request in this box: Mo. Gonzales, on August 8 2024, between the hours of 5:00pm and 6:00pm, Mr. Bowers, Facility Administrator, assualted me by using a "Chemical Agent", spraying it in my face..(I was not a physical threat to myself, or to staff/others, and I was not destroying State Property.. As I laid on the ground (Floor), ☒ I was not kicking, biting, swinging my arms or hands and I was not spitting..Mr. Bowers, F.A., sprayed me in the face a second time with a "Chemical Agent" with intent to cause me bodily harm.. I am begging you to call the Police so I can file a complaint against Mr. Bowers, F.A.    cc:file..

Client Signature: [signature]          Date: 08/11/24

Date Communication received: 8/12/24

Staff Response to request:

It has been noted.

Staff Signature: [signature]          Staff Name Printed: K. Gonzales

Staff Title: Case manager          Date: 9-4-24

## Provider Progress/Narrative Note

**Type of Note:**

☑ Narrative



### Narrative

**Narrative Note:**

The pt is having 8 out of 10 left shoulder pain, so I will do an intra-articular injection of Kenalog 40mg and lidocaine 1ml. Verbal consent was given by the pt for the injection, and risks and benefits of the injection were discussed. I cleaned the area with chlorhexidine and alcohol. Pt. tolerated the procedure well. The pt's oropharynx is painful and erythematous, so I will order him some viscous lidocaine. V/S stable.

### Plan

**Follow-up:**

☑ Follow-up w/ Chronic Care

**Specify timeframe for Follow-up w/ Chronic Care:**

as scheduled

**Medication:**

☑ New Medication

**Specify new/changed/renewed medication(s):**

Kenalog 40mg with Lidocaine 1ml

Viscous lidocaine

**Vital(s)/Treatment(s) being ordered:**

☑ Yes

**Specify treatment order(s):**

The pt has lost 15 pounds since 9/10/24, so order the pt a PB sandwich with the evening meal for 3 months.

**Order Labs:**

*NO ANSWER PROVIDED*

**Order Other Diagnostics (i.e. X-Ray, ECG, Sonogram):**

*NO ANSWER PROVIDED*

**Order Immunization(s):**

*NO ANSWER PROVIDED*

**Order Outside Referrals/Consults:**

*NO ANSWER PROVIDED*

**Interpreter:**

---

**Provider Progress/Narrative Note**
SOAP note Providers

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** GERHART, STEPHANIE **on** 09/25/2024 17:46:45

Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds

**Patient Location:**

☑ RHU

#### RHU

| Date Admitted to Restrictive Housing: | Current Date: | Current Time: |
|---|---|---|
| 09/25/2024 | 09/25/2024 | 22:13:27 |

**Check all that apply:**

☑ Alert and Oriented x 3    ☑ Respirations, even and unlabored    ☑ No Complaints voiced at this time

**Other Behavior Noted:**

appears to be in healthy condition and does not have any medical or mental health concerns.

**Referral to Mental Health needed:**

☑ No

**Signoff required for RHU:**

☑ No

**Interpreter:**

☑ No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| PENNINGTON, JAMES, | 09/25/2024 22:13:45 |

### Signoff Comments List

| Approved By | Approved On | Signoff Note | Is Declined |
|---|---|---|---|
| PENNINGTON, JAMES, | 09/25/2024 22:13:45 | Form Processed Approval | False |

---

**Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds**
Observations for patient in Special Housing Units

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** PENNINGTON, JAMES **on** 09/25/2024 22:13:45

## Provider Progress/Narrative Note

**Type of Note:**

☑ Narrative



### Narrative

**Narrative Note:**

The pt presents today from SMU after an altercation with security. The pt is having cervical, lumbar, throat, and knee pain. The pt is seeing black spots and is dizzy when he stands up. His B/P is fine at 119/87, and pulse is a little high at 104. The pt states that he hasn't eaten in 4 days because his throat is so sore, so I asked the kitchen if he could be put on a liquid diet for now. The pt is having right cervical pain that is not tender to touch with radiculopathy down right arm. His lumbar pain is also on the right side with no tenderness to touch and no rash present. His right knee is painful and edematous, so I gave him a knee brace to wear for compression and stabilization. Property form signed. I will order both a cervical and Lumbar x-ray to make sure that there is nothing acute. If the knee pain does not improve, I will order a knee x-ray.

### Plan

**Follow-up:**

☑ Follow-up w/ NP/PA-C

    **Follow-up w/ NP/PA-C in:**

    ☑ Other

        **Specify Other Timeframe for Follow-up w/ NP/PA-C:**

        after x-ray

**Medication:**

☑ New Medication

     **Specify new/changed/renewed medication(s):**

    Viscous Lidocaine swish and spit

**Vital(s)/Treatment(s) being ordered:**
*NO ANSWER PROVIDED*

**Order Labs:**
*NO ANSWER PROVIDED*

**Order Other Diagnostics (i.e. X-Ray, ECG, Sonogram):**
*NO ANSWER PROVIDED*

**Order Immunization(s):**
*NO ANSWER PROVIDED*

**Order Outside Referrals/Consults:**
*NO ANSWER PROVIDED*

**Interpreter:**

---

**Provider Progress/Narrative Note**
SOAP note Providers

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** GERHART, STEPHANIE **on** 08/13/2024 11:44:24

☑ No

## Save Log

| User Name | AuditDateAndTime |
|---|---|
| GERHART, STEPHANIE, | 08/13/2024 11:44:24 |

---

**Provider Progress/Narrative Note**
SOAP note Providers

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** GERHART, STEPHANIE **on** 08/13/2024 11:44:24

Management & Training Corporation
Texas Civil Commitment Center

## SICK CALL REQUEST

| | RECEIVED |
|---|---|
| Date/Time: | |
| Initials: | AUG 16 '24 PM8:25 |

| Client Name: Victor Jackson | | | Date Submitted: 08/15/24 |
|---|---|---|---|
| Client ID: D5554170 | Housing: SMU | Work Location: | |
| Treatment Schedule: | | Work Schedule: | |

SERVICES REQUESTED

| Medical | Dental | Prescription Refill | Other (specify): |
|---|---|---|---|

Reason for Request: Please remove me off of "Liquid Diet" because I can sallow now.. Also, please be certain to inform the kitchen that I am Allergic to: Tuna/Bananas/Jelly.. (Thank you!)

DO NOT WRITE BELOW THIS LINE
TO BE COMPLETED BY MEDICAL STAFF

| Screening Date: | Screening Time: | Nurse Initial: | Routine | Urgent |
|---|---|---|---|---|

ACTION TAKEN BY MEDICAL (initial in box)

| X | Written response (see below) | | Referred to provider | | Client refused tx-form completed | | Prescription refill ordered: Date: |
|---|---|---|---|---|---|---|---|
| | Seen by nurse | | Seen by provider | | Offsite provider appointment scheduled this date: Type of provider: | | |

Response to client or Nursing comments:

Kitchen notified. Jelly added to allergies.

| Nurse Print/Sign: | | Date: 8·16·24 |
|---|---|---|

| Provider comments: |
|---|

| Provider Print/Sign: | Date: |
|---|---|

**Document Notes**

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |

| **Race** | A | **Ethnicity** | DE | **Height** | 5' 8" |
|---|---|---|---|---|---|
| **DOB** | 05/21/1968 | **Gender** | M | **Weight** | 174 |

**C1 - 7 - 16B -**
**JACKSON, VICTOR - 03334170**

## Document Details

| | | | |
|---|---|---|---|
| **Title:** | eyeglass frames too small | **Uploaded By:** | ORNELAS, ANISSA |
| **Group:** | Medical | **Uploaded On:** | 8/23/2024 |
| **Category:** | Sick Call | **Signed By:** | |
| **Provider:** | eyeglass frames too small | **Signed On:** | |
| **Files:** | Scan Aug 23, 2024.pdf | | |

## Document Notes

No records match the criteria you have selected.

Management & Training Corporation
Texas Civil Commitment Center

## SICK CALL REQUEST

RECEIVED

Date/Time: AUG 26 '24 AT 7:28

Initials:

Client Name: Victor Jackson

Date Submitted: 08/25/24

Client ID: 03354170          Housing: SMU          Work Location:

Treatment Schedule:          /          Work Schedule:          /

### SERVICES REQUESTED

| ☑ Medical | ☐ Dental | ☐ Prescription Refill | ☐ Other (specify): |

Reason for Request: Mo. Gerhart, P.A. advised me if my neck and back continues to cause me pain to put in a sick call. My lower back and neck is causing me pain. Please allow me to see Mo. Gerhart. Thank You!

- - - - DO NOT WRITE BELOW THIS LINE - - - -

TO BE COMPLETED BY MEDICAL STAFF

Screening Date: 8/26/24   Screening Time: 0730   Nurse Initial: UM   (Routine)   Urgent

#### ACTION TAKEN BY MEDICAL (initial in box)

| | | | |
|---|---|---|---|
| X Written response (see below) | Referred to provider | Client refused tx-form completed | Prescription refill ordered: Date: |
| Seen by nurse | Seen by provider | Offsite provider appointment scheduled this date: Type of provider: | |

Response to client or Nursing comments: Written to Seen by Gerhart 8-26-27 — X-rays ordered.

Nurse Print/Sign:          Date: 8-27-24

Provider comments:

Provider Print/Sign:          Date:



Management & Training Corporation
Texas Civil Commitment Center

## SICK CALL REQUEST

| | RECEIVED |
|---|---|
| Date/Time: | AUG 26 '24 AM7:29 |
| Initials: | |

| | | | | |
|---|---|---|---|---|
| Client Name: Victor Jackson | | | Date Submitted: 08/25/24 | |
| Client ID: 03064170 | Housing: SMU | Work Location: | | |
| Treatment Schedule: / | | Work Schedule: / | | |

### SERVICES REQUESTED

( Medical )  | Dental  | Prescription Refill  | Other (specify):

Reason for Request: Ms. Gerhart, P.A. advised me if my neck and back continues to cause me pain to put in a sick call.. My lower back and neck is causing me pain.. Please allow me to see Ms. Gerhart.. Thank You!

### DO NOT WRITE BELOW THIS LINE

### TO BE COMPLETED BY MEDICAL STAFF

| Screening Date: 8/26/24 | Screening Time: 0730 | Nurse Initial: UM | ( Routine )  Urgent |
|---|---|---|---|

### ACTION TAKEN BY MEDICAL (initial in box)

| | | | | | | |
|---|---|---|---|---|---|---|
| ✓ | Written response (see below) | | Referred to provider | | Client refused tx-form completed | Prescription refill ordered: Date: |
| | Seen by nurse | | Seen by provider | | Offsite provider appointment scheduled this date: Type of provider: | |

Response to client or Nursing comments: Written FU Seen by Gerhart 8-26-27 - X-rays ordered.

| Nurse Print/Sign: _____ | Date: 8.27.24 |
|---|---|

| Provider comments: |
|---|
| |
| |
| |
| Provider Print/Sign: | Date: |

## Document Notes

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |

| | | | | | | |
|---|---|---|---|---|---|---|
| **Race** | A | **Ethnicity** DE | | **Height** | 5' 8" | |
| **DOB** | 05/21/1968 | **Gender** M | | **Weight** | 174 | |

**C1 - 7 - 16B -**
**JACKSON, VICTOR - 03334170**

### Document Details

| | | | |
|---|---|---|---|
| **Title:** | toothache | **Uploaded By:** | RANGEL, CECILIA |
| **Group:** | Medical | **Uploaded On:** | 8/29/2024 |
| **Category:** | Sick Call | **Signed By:** | |
| **Provider:** | toothache | **Signed On:** | |
| **Files:** | 5.pdf | | |

### Document Notes

No records match the criteria you have selected.

Management & Training Corporation
Texas Civil Commitment Center

## SICK CALL REQUEST

| RECEIVED |
| --- |
| Date/Time: |
| Initials: AUG 26 '24 AM7:29 |

| Client Name: Victor Jackson | | | Date Submitted: 08/25/24 |
| --- | --- | --- | --- |
| Client ID: 03334190 | Housing: SMU | Work Location: / | |
| Treatment Schedule: / | | Work Schedule: / | |

### SERVICES REQUESTED

| Medical | Dental | Prescription Refill | Other (specify): |
| --- | --- | --- | --- |

Reason for Request: My left upper back tooth is causing me severe pain.. Please allow me to see someone about it.. I would like to have it pulled out.. (Thank you!)

DO NOT WRITE BELOW THIS LINE

TO BE COMPLETED BY MEDICAL STAFF

| Screening Date: 8/26/24 | Screening Time: 0730 | Nurse Initial: CM | Routine    Urgent |
| --- | --- | --- | --- |

### ACTION TAKEN BY MEDICAL (initial in box)

| ✓ | Written response (see below) | | Referred to provider | | Client refused tx-form completed | Prescription refill ordered: Date: |
| --- | --- | --- | --- | --- | --- | --- |
| ✓ | Seen by nurse | | Seen by provider | | Offsite provider appointment scheduled this date: Type of provider: | |

Response to client or Nursing comments: Take Tylenol and PZ as needed for pain). Submit sick call if swelling, sour taste in mouth, and worsening pain. Added to dental

Nurse Print/Sign: S M Delgado                         Date: 8-28-24

| Provider comments: | |
| --- | --- |
| | |
| | |
| | |
| Provider Print/Sign: | Date: |

**Document Notes**

| | |
|---|---|
| **Diagnosis** | Bipolar disorder, Essential (primary) hypertension, Post-traumatic stress disorder (PTSD), Recurrent isolated sleep paralysis |
| **Allergies** | BANANAS, FISH, JELLY |
| **Agency** | TEXAS CIVIL COMMITMENT CENTER |
| **Facility** | TXTC - TEXAS CIVIL COMMITMENT CENTER |

| **Race** | A | **Ethnicity** | DE | **Height** | 5' 8" |
|---|---|---|---|---|---|
| **DOB** | 05/21/1968 | **Gender** | M | **Weight** | 174 |

**C1 - 7 - 16B -**
**JACKSON, VICTOR  - 03334170**

## Document Details

| | | | |
|---|---|---|---|
| **Title:** | spine xray | **Uploaded By:** | ORNELAS, ANISSA |
| **Group:** | Medical | **Uploaded On:** | 9/3/2024 |
| **Category:** | X-ray | **Signed By:** | |
| **Provider:** | spine xray | **Signed On:** | |
| **Files:** | Scan Sep 03, 2024 (64).pdf | | |

### Document Notes

No records match the criteria you have selected.

Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds

**Patient Location:**

☑ RHU

### RHU

| Date Admitted to Restrictive Housing: | Current Date: | Current Time: |
|---|---|---|
| *NO ANSWER PROVIDED* | 09/11/2024 | 13:44:15 |

**Check all that apply:**

☑ Alert and Oriented x 3    ☑ Respirations, even and unlabored    ☑ No Complaints voiced at this time

**Other Behavior Noted:**

No acute distress noted during nursing rounds, voiced no concerns

**Referral to Mental Health needed:**

☑ No

**Signoff required for RHU:**

☑ No

**Interpreter:**

☑ No

## Save Log

| User Name | AuditDateAndTime |
|---|---|
| MARTINEZ, VICTORIA, RN | 09/11/2024 13:44:23 |

## Signoff Comments List

| Approved By | Approved On | Signoff Note | Is Declined |
|---|---|---|---|
| MARTINEZ, VICTORIA, RN | 09/11/2024 13:44:24 | Form Processed Approval | False |

---

**Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds**
Observations for patient in Special Housing Units

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** MARTINEZ, VICTORIA **on** 09/11/2024 13:44:23

## Provider Progress/Narrative Note

**Type of Note:**

☑ Narrative



### Narrative

**Narrative Note:**

The pt presents today for a follow up on his cervical and Lumbar x-rays. The x-rays mainly showed Spondylosis, and he states that his back pain is worse in the mornings, so I will order him an extra mattress. He rates the pain as a 6-8 out of 10. He also has some radiculopathy down his left thigh. I advised him to come in to get a Toradol shot when his pain is severe. Pt. verbalized understanding. His pulse is 102 today, so I will have it checked qd for one week.

### Plan

**Follow-up:**

☑ Follow-up w/ Chronic Care

**Specify timeframe for Follow-up w/ Chronic Care:**

as scheduled

**Medication:**

*NO ANSWER PROVIDED*

**Vital(s)/Treatment(s) being ordered:**

☑ Yes

**Specify treatment order(s):**

The pt needs an extra mattress due to spondylosis

Please check the pt's pulse qd for one-week

**Order Labs:**

*NO ANSWER PROVIDED*

**Order Other Diagnostics (i.e. X-Ray, ECG, Sonogram):**

*NO ANSWER PROVIDED*

**Order Immunization(s):**

*NO ANSWER PROVIDED*

**Order Outside Referrals/Consults:**

*NO ANSWER PROVIDED*

**Interpreter:**

☑ No

---

**Provider Progress/Narrative Note**
SOAP note Providers

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** GERHART, STEPHANIE **on** 09/10/2024 19:23:17

☑ No

## Save Log

| User Name | AuditDateAndTime |
|---|---|
| GERHART, STEPHANIE, | 09/25/2024 17:46:45 |
| GERHART, STEPHANIE, | 09/25/2024 17:45:36 |
| GERHART, STEPHANIE, | 09/25/2024 17:44:24 |

---

**Provider Progress/Narrative Note**
SOAP note Providers

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** GERHART, STEPHANIE **on** 09/25/2024 17:46:45

## Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds

**Patient Location:**

☑ RHU

### RHU

| Date Admitted to Restrictive Housing: | Current Date: | Current Time: |
|---|---|---|
| *NO ANSWER PROVIDED* | 09/25/2024 | 14:59:53 |

**Check all that apply:**

☑ Alert and Oriented x 3    ☑ Respirations, even and unlabored    ☑ No Complaints voiced at this time

**Other Behavior Noted:**

seen by provider NP Gerhart

**Referral to Mental Health needed:**

☑ No

**Signoff required for RHU:**

☑ No

**Interpreter:**

☑ No

### Save Log

| User Name | AuditDateAndTime |
|---|---|
| DELGADO, FELICIANA, RN | 09/25/2024 15:00:19 |

### Signoff Comments List

| Approved By | Approved On | Signoff Note | Is Declined |
|---|---|---|---|
| DELGADO, FELICIANA, RN | 09/25/2024 15:00:19 | Form Processed Approval | False |

---

**Shift Assessment - Medical Observation/Infirmary Shift Report/Daily RHU Rounds**
Observations for patient in Special Housing Units

**Patient Name:** JACKSON, VICTOR
**Patient Number:** 03334170
**Location:** C1-7-16B
**DOB:** 5/21/1968
**Facility:** TEXAS CIVIL COMMITMENT CENTER
**Electronically Signed By** DELGADO, FELICIANA on 09/25/2024 15:00:19

VICTOR JACKSON #03334170

2600 SOUTH SUNSET AVE.,
LITTLEFIELD, TEXAS 79339



LUBBOCK TX 790F 796
THU 23 JAN 2025 PM

RECEIVED
JAN 27 2025
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

UNITED STATES DISTRICT COURT
OFFICE OF THE CLERK
NORTHERN DISTRICT OF TEXAS
1205 TEXAS AVE., ROOM #209
LUBBOCK, TEXAS 79401

1 OF 3

OUT
1-22-25
LEGAL-MAIL
DATE